People of the State of Illinois, ex rel. William Franklin Mullin, Owbridge Faye Gall and Lucius McCray, Appellants, v. Theodore Williams, Charles Merriweather and Carl Schneider, Appellees.

Gen. No. 47,014.

First District, First Division.
March 12, 1957.
Released for publication May 2, 1957.

Sidney J. and Arthur Wolf, of Chicago, for appellants.

Segal & Segal, of Chicago, for appellees; Edward Atlas, of Chicago, of counsel.

PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Appellants, herein called relators, appeal from a judgment for defendants entered in a *quo warranto* proceeding attacking the right of three of the defendants to the office of trustee and of the fourth defendant to the office of trustee and secretary of the Grace Gospel Hall, a member church of the Plymouth Brethren.

The complaint alleges that the relators, Mullin, Gall and McCray, were elected trustees of the church on or about January 15, 1951; that the church has no by-laws or rules; that no meetings of the members of the church or of the trustees were held at any time and no trustees or other officers were elected after January 15, 1951.

Although served with summons, defendant Merriweather did not appear or answer. He was not defaulted, because he was in the military service. The

case proceeded as to the remaining defendants. Theodore Williams, Jr., and Hiram Williams filed a joint answer under oath. Schneider filed a verified answer identical with the Williams' answer. In these answers defendants asserted title to their respective offices by election at a duly held meeting of the members of Grace Gospel Hall. In joint answers to interrogatories filed by relators these defendants stated that Theodore Williams, Jr. was elected trustee and secretary on September 28, 1947, and Hiram Williams and Carl Schneider were elected trustees on June 24, 1952, and gave the names of persons present at the respective meetings. In testimony given on pretrial depositions each defendant stated that he was appointed to his respective office by Elder Theodore Williams, Sr. On commencement of the trial and before selection of the jury the defendants by leave of court filed their joint verified second amended and supplemental answer in which they deny the election of the relators as trustees, allege that relators were appointed trustees by the Elders of Grace Gospel Hall on or about June 15, 1951 and announcement of the appointment made to the congregation, who made no objection thereto, and that defendants were likewise appointed to their respective offices by the Elders and announcement thereof made to the congregation, who made no objection thereto; admit that the church has no by-laws and allege that according to the doctrine, faith and religious belief of the Plymouth Brethren and the congregation of Grace Gospel Hall, all rules necessary for the government and regulation of the church are found in the Holy Scriptures; deny that Grace Gospel Hall has members and allege that the individuals of the congregation are in fellowship with each other, and that according to the doctrine, faith and religious belief of the congregation and the usages and customs of the church, trustees and other officers are not elected by the "members" but

166

are appointed by the Elders, and announcement of the action of the Elders made at the following Sunday meeting of the congregation; that each defendant was appointed to the respective office held by him by the Elders of the Grace Gospel Hall and announcement thereof made to the congregation at the following Sunday meeting in accordance with the doctrine, faith, religious belief, customs and usages of the Grace Gospel Hall; that relators vacated their respective offices by failure to act as such trustees, and that the vacancies thus created were filled on or about June 23, 1952.

Defendants allege as a further defense that it is a cardinal article of the religious faith of the brethren that none go to law against other brethren; that by going to law and refusing an offer of defendants to submit all matters in dispute to the judgment or arbitration of Elders of other Plymouth Brethren churches, to be designated by the court, relators have abandoned the faith of the Plymouth Brethren and are no longer brethren and saints of Grace Gospel Hall and are not entitled to hold office in the church or to maintain this action.

On instructions tendered by relators the issues of the abandonment or resignation of the office of trustee by relators and their proper removal therefrom, as well as the issue of the proper election or appointment of defendants as trustees, were submitted to the jury. A verdict finding the issues for defendants was returned and judgment entered thereon. Relators moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied and relators appealed.

 Relators' principal contention on appeal is that the trial court should have directed a verdict for relators or entered judgment for them notwithstanding the verdict because the above-mentioned state-

167

ments in the original answer, the answers to the interrogatories and the testimony on pretrial depositions as to the election and appointment of defendants to their respective offices are judicial admissions, conclusive as to each defendant and precluding them from showing appointment to such offices in the manner alleged in the second supplemental answer. The conclusiveness against the pleader of allegations of fact in pleadings on which the case is tried may be conceded. However, in the instant case the trial court, after a hearing in which relator's counsel stated their objections, permitted the filing of the second amended and supplemental answer. No error in granting this permission is urged on appeal. Although the original answer remained in the case and could be used in impeaching the testimony of the defendants, it no longer had the effect of a judicial admission. 1 Greenleaf on Evidence (15th ed.) sec. 206.

As stated by this court in Tennes v. Tennes, 320 Ill. App. 19, cited by relators, the strict rule of conclusiveness of judicial admissions does not cover all statements made by a litigant when testifying in a case. In the *Tennes* case plaintiff brought suit against the driver of the automobile in which she was traveling for injuries sustained when the car went off the road and turned over several times. Defendant testified that he went to sleep while driving. The Appellate Court said (p. 33):

"The parties are in agreement that it is only where a party testifies clearly and unequivocally to a fact which is peculiarly within his own knowledge that such testimony may be considered as a judicial admission. (*Harlow* v. *Leclair*, 82 N. H. 506, 136 Atl. 128; *King* v. *Spencer*, 115 Conn. 201, 161 Atl. 103; *Kanopka* v. *Kanopka*, 113 Conn. 30, 154 Atl. 144.) It is apparent that Joe Tennes, in testifying that he went to sleep at

the wheel, testified to a fact peculiarly within his knowledge."

See 20 Am. Jur., Evidence, sec. 1181. Judged by this standard the answers by defendants to interrogatories filed by relators and their testimony on the pretrial depositions are not judicial admissions. The steps taken in selecting defendants as trustees, whether by election or appointment, the authority of the persons acting and the effect of the action taken under the customs and usages of the church, are not peculiarly or exclusively within the knowledge of defendants. The trial court properly allowed the statements of the defendants to be used for impeaching purposes. It did not err in refusing to direct a verdict for relators or enter judgment for them notwithstanding the verdict.

As alleged in the complaint and testified to by witnesses, including defendants on the trial, Grace Gospel Hall does not have written by-laws or rules. There is ample testimony that according to the usages and customs of the church the trustees are appointed by the Elders. Although the testimony is not altogether clear as to who were Elders, there is testimony that Theodore Williams, Sr. and Patton were Elders at the times involved herein. Williams, Sr. was impeached by prior statements, but defendants' right to office does not depend entirely on his testimony. Minutes of meetings corroborating defendants' claims were received in evidence. There is testimony that relators did not attend to the duties of a trustee and that their offices were declared vacated. Relators do not argue in the alternative that the verdict is against the manifest weight of the evidence if their contention as to judicial admissions is not sustained.

No objections to the giving or refusing of instructions are argued on appeal. Relators state in their brief that the court erred in refusing to permit the jury to take with them the complaint, the original

169

■■■■■■■■

answer of the defendants and their answers to the relators' interrogatories, received in evidence as relators' exhibits, but do not point out wherein this was error. In like manner relators call our attention to certain incidents occurring on the trial, but do not show wherein relators were harmed as a result of such incidents. We find no reversible error in the record.

The judgment is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.