Carl Huber, Plaintiff-Appellee, v. Black and White Cab Company, and William White, Defendants-Appellees, and John J. Stuempler, Defendant-Appellant.

Term No. 58–F–3.

Fourth District.

April 21, 1958.

Rehearing denied May 26, 1958.

Released for publication August 6, 1958.

 

Pope and Driemeyer, of East St. Louis, for defendant-appellant, John J. Stuempler.

Johnson, Johnson & Ducey, of Belleville, for plaintiff-appellee, Carl Huber.

JUDGE BARDENS delivered the opinion of the court.

This action was started by plaintiff to recover for personal injuries growing out of a collision between the cab owned by the Black and White Cab Company, and operated by William White as its agent, and a car, in which plaintiff was a guest, owned and driven by defendant Stuempler. The jury first returned verdicts of $17,000 against the cab company and White and $3,000 against Stuempler. The court refused to accept these verdicts and sent the jury back to reconsider; whereupon the jury returned a verdict against all defendants for the sum of $20,000. The court accepted that verdict and rendered judgment thereon. Post-trial motions were overruled. The cab company and William White did not appeal but defendant Stuempler brought the appeal to this court. Hereafter our reference to Stuempler will be as "defendant."

The complaint consists of two counts, the first count of which was directed against the cab company and William White only and charged ordinary negligence. The second count was directed against defendant only and charged wilful and wanton misconduct. The main

187

contentions of defendant are that there is not sufficient evidence to support a verdict of wilful and wanton negligence; in the alternative, that the $3,000 verdict should be adopted; and, in the further alternative, that a new trial be granted because the verdict is against the manifest weight of the evidence and there was error in orally instructing the jury and in refusing to accept the $3,000 verdict.

Plaintiff Huber and the defendant Stuempler had been together most of the evening of July 23, 1955, from 7:30 P. M. on to the time of the accident. Just prior to the accident both men and Mrs. Stuempler were at the Morris Cafe in Belleville where they played shuffleboard until shortly before 1:00 A. M. on July 24, 1955. Plaintiff lived about eight blocks from the Morris Cafe and asked Stuempler to drive him home which Stuempler undertook to do. Plaintiff was riding in the front seat of defendant's Plymouth on the right side. Mrs. Stuempler was in the middle and defendant was on the left and was driving. They proceeded westerly along East "A" Street, an east and west black top or oil surfaced street, to Delaware Street. Delaware Street runs north and south and intersects "A" Street. As Stuempler approached Delaware Street and was about forty feet from the intersection, a cab driven by defendant White approached the intersection from the south on Delaware Street. A collision between defendant's car and the cab resulted; the left front of the car colliding with the right front of the cab and both vehicles ending up at the northwest corner of the intersection or just beyond that. From this collision plaintiff received the injuries complained of.

Count II above referred to was directed against defendant Stuempler only and charged wilful and wanton misconduct in two particulars, to-wit: (1) failure to keep a proper look out for cars, including the cab driven by defendant White; (2) driving the automo-

188

bile at a speed greater than was reasonable and proper. Defendant was called as an adverse witness and after detailing the events of the evening he testified that his speed on "A" Street prior to approaching the intersection of Delaware Street was from 25 to 30 miles per hour; that it was dark at the time and that he had his bright lights on; that it had been raining hard but was raining gently at the time of the collision, but that the pavement was wet. Stuempler further testified that when he was forty feet from the intersection he saw the lights of a car coming from the south on Delaware Street and then saw the cab when it was about fifteen feet from the intersection; that he braked his car down to eighteen miles per hour and that the cab was slowing down and he thought it was stopping; that as he entered the intersection the cab skidded out in front of him and blocked the right of way; that he tried to swing to the right to avoid hitting the cab but was unable to miss the cab and hit it a glancing blow.

Thereafter the plaintiff testified. On direct examination he said that the Stuempler car was traveling 25 to 30 miles per hour prior to approaching the intersection. He also testified that he was awake and looking straight ahead but that he did not remember seeing the cab before the accident. On cross examination the plaintiff testified as follows:

"Q. As far as you observed Mr. Stuempler drove the car all right, didn't he?
A. That is right.
Q. You had no occasion to make any complaint about the way he drove?
A. No, sir.
Q. And so far as you were concerned at the time this collision happened, and just before, Mr. Stuempler was driving his car carefully, wasn't he?
A. That is right.

189

Q. You didn't make any complaint to him after you left Morris' tavern down to the time this accident happened about how he was driving, did you?
A. No, he was driving safely as far as I know.
Q. And you felt the car slow down just before he got to the intersection?
A. Yes, sir.
Q. And he had been driving before he got there about 25 to 30 miles an hour, is that right?
A. That is right."

■ ■ Defendant contends that the testimony of the plaintiff in this cause was a judicial admission which in itself defeats recovery. Insofar as the testimony regarding speed and the fact of the defendant slowing down is concerned, we agree. These were deliberate, clear, and unequivocal statements of facts within the knowledge of the plaintiff and they were applicable to the charges in Count II of the complaint. No request was ever made to withdraw, explain, or modify these admissions. 20 Am. Juris., Evidence, pars. 557 and 1181. 31 C. J. S., Evidence, par. 381(d). 169 A. L. R. 798 Note. Tennes v. Tennes, 320 Ill. App. 19 at page 33, 50 N.E.2d 132. Chicago & Alton R. Co. v. Merriman, 95 Ill. App. 628. L. P. Larson, Jr., Co. v. W. N. Wrigley, Jr., Co., 253 F. 914 (cert. den. 248 U. S. 580, 63 L. Ed. 430). In the note cited at 169 A. L. R. 798, under subhead III, the law on this subject is stated as follows: "If a party testifies deliberately to a concrete fact, not a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, his adversary is entitled to hold him to it as an informal judicial admission. The court may permit him to withdraw upon reasonable explanation of it as due to a mistake, or may allow him to have the benefit of other evidence explaining it as a mistake; but otherwise he can not

have the benefit of other evidence tending to falsify it." In Illinois the doctrine has been modified to the extent that in order to constitute a judicial admission the facts testified to must be within the peculiar knowledge of the party testifying, and this doctrine was applied in the case of Tennes v. Tennes wherein the plaintiff made a judicial admission and a verdict in favor of the defendant was reversed and the cause remanded to the lower court for the assessment of damages only.

Turning now to the facts in the case at bar, it can be readily ascertained from the abstract that there was no testimony on behalf of the plaintiff showing that the defendant did not keep a proper lookout. Plaintiff did call defendant White as an adverse witness and he testified that defendant Stuempler was traveling 60 to 65 miles per hour when the witness first saw defendant approaching the intersection on "A" Street 60 to 70 feet distant from the intersection. The witness White was in front of the Stuempler car and his judgment of the speed of it could not help plaintiff's admission because plaintiff and defendant Stuempler both agreed on the speed of the car and those two witnesses were in the best position to know its speed and both had peculiar knowledge of such speed. Even the witness White acknowledged that defendant Stuempler slowed his car and thus corroborated the defendant Stuempler on the keeping of a proper lookout.

■ We have stated before that plaintiff made no attempt to withdraw or modify his admissions through testimony. Illinois does recognize that such may be done in a proper case as evidenced in the case of People ex rel. Mullin v. Williams, 13 Ill.App.2d 164, 141 N.E.2d 645.

In the cited case of L. P. Larson, Jr., Co. v. W. N. Wrigley, Jr., Co., 253 Fed. 914, it is stated: "In a real

and legitimate controversy, a party should be left within the knot of his averments in pleadings and admissions in testimony unless the court can find an absolute demonstration from other evidence in the case or from facts within judicial notice, like the laws of physics, etc. that under no circumstances could the averments and admissions be true." Defendant in his brief and argument does not meet the challenge of judicial admissions but states that we should look to all of the circumstances on the trial and cites well known cases holding that the Appellate Court will not substitute its judgment for that of the jury. We, therefore, feel it is advisable to discuss some of the other circumstances in the case.

■ Defendant cab company and White introduced evidence of two witnesses who testified to tire marks that extended back of the defendant Stuempler's car from the point of the accident about 40 to 60 feet. None of the witnesses testified positively that these were "skid" marks, although on several occasions they were referred to as such; but the witnesses did describe them simply as "marks" or as "tire marks" and later as "skid marks." It is common knowledge that on a wet black top pavement tire marks are very prominent and, without some definite testimony that these marks were skid marks, this evidence was of uncertain value.

The same witnesses on behalf of defendants cab company and White also testified that Stuempler was intoxicated when they arrived at the scene of the accident. They were not eyewitnesses to the collision. One of these witnesses, however, upon being asked to identify the man that was intoxicated, identified a man in the audience who was at the scene of the accident but who was not the defendant Stuempler. The testimony of the other witness on the question of intoxication is somewhat uncertain, to say the least. On the other hand, plaintiff did not testify that defendant was

192

intoxicated, nor did the defendant William White so testify. Plaintiff also produced the witness Thomas Fogus, a patrolman who came to the scene of the accident and drove defendant to the hospital afterwards. He stated that he was close enough to the defendant to observe whether either Mr. Stuempler or Mr. White had been drinking and that if there had been any evidence of intoxication of Mr. Stuempler he would have been charged. Furthermore, the witnesses who charged defendant Stuempler was intoxicated based their opinions upon the facts that Stuempler was unsteady on his feet and excited. Considering the fact that he had just been involved in an accident, these observations with nothing further would not justify a conclusion of intoxication.

As to the physical facts of the accident, there are numerous pictures produced by both sides of the scene of the accident and the cars after the accident. From the physical circumstances in evidence there is nothing to show that the admissions of the plaintiff were demonstrated to be untrue.

■ Thus it can be seen that such other evidence was not sufficient to overcome the judicial admissions which were peculiarly within the knowledge of the plaintiff. Under the rulings cited covering judicial admissions, which are rules we approve, it is our opinion that the trial court erred in refusing to direct a verdict in favor of the defendant Stuempler at the close of all evidence and in denying the motion for judgment notwithstanding the verdict. In view of this conclusion, it is unnecessary to discuss other points raised. The judgment against the defendant Stuempler is reversed.

Judgment reversed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.