**614**

HARDWARE MUTUAL CASUALTY
COMPANY, a Corporation,
Plaintiff-Appellant,

v.

John W. CHAPMAN, John Murray Chapman, Phyllis Ann Chapman, Norman
W. Lepper, and Thomas J. McIntyre,
Administrator of the Estate of Wallace
J. McIntyre, Deceased, Defendants-Appellees.

No. 12688.

United States Court of Appeals
Seventh Circuit.

Dec. 2, 1959.

Rehearing Denied Jan. 4, 1960.

Frederick H. Stone, George B. Gillespie, Louis F. Gillespie, Gillespie, Burke & Gillespie, Springfield, Ill., for plaintiff-appellant.

Paul B. Nichols, Andrew C. Schnack, Jr., John P. Deege, Schmiedeskamp & Deege, Quincy, Ill., for defendant Thomas J. McIntyre, Administrator of the Estate of Wallace J. McIntyre, deceased.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This action was brought by the Hardware Mutual Casualty Company (appellant) for a declaratory judgment defining the extent of coverage under a policy of liability insurance issued to appellee, John W. Chapman, on July 1, 1956. Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy.

On the first day of December, 1956, Phyllis Ann Chapman, wife of John Murray Chapman (herein referred to as Jack), was driving a 1955 Oldsmobile automobile and had an accident in Adams County, Illinois, involving a motorcycle driven by Wallace J. McIntyre and on which Norman W. Lepper was riding. Accompanying Phyllis on the trip was her husband, Jack, the son of John W. Chapman. McIntyre subsequently died from injuries received and is represented here by Thomas J. McIntyre, as administrator of his estate.

Suit was filed in Circuit Court of Adams County, Illinois, to recover for injuries to Lepper and for the death of McIntyre. This action was instituted to declare that the car in which Phyllis Chapman was driving was not covered by the policy of insurance issued by appellant to John W. Chapman, the named insured. John W. Chapman, John Murray Chapman, Phyllis Ann Chapman, Norman W. Lepper and Thomas J. McIntyre, Administrator of the Estate of Wallace J. McIntyre, Deceased, (appellees) were named as defendants.

The policy in question was issued to John W. Chapman, the owner of a gasoline station, and is described as an automobile garage liability policy. The policy does not designate any specific automobile within its coverage, but rather includes all automobiles owned by John W. Chapman and used principally in the operation of his garage.

The coverage provision of the policy is as follows:

"Division 1. Premises-Operations-Automobiles. The ownership, maintenance or use of the premises for the purpose of an automobile sales agency, repair shop, service station, storage garage, or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, and (2) any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein,

**616**

an executive officer thereof, or a member of the household of any such person."

At the trial, the jury found the issues for appellees and found specially that the 1955 Oldsmobile was owned by John W. Chapman, not by Jack, and that it was used principally in the business of John W. Chapman. The district court denied appellant's motion for a directed verdict at the close of the evidence and further denied its motion for judgment notwithstanding the verdict, or in the alternative, for a new trial.

In its memorandum opinion the trial court found there was a legitimate issue of fact to send the case to the jury and that the jury's verdict was supported by substantial evidence.

The appeal from the judment is based on the alleged errors in refusing appellant's motions. Appellant states that it was error to refuse to grant its motion for directed verdict and for judgment notwithstanding the verdict for the reason that the evidence was conclusive as to ownership and principal use. It alleges further error in the trial court's refusal to grant appellant's motion for new trial claiming that the verdict was contrary to the manifest weight of the evidence and that the verdict was based upon perjured testimony.

■ In reviewing the trial court's refusal to grant a judgment notwithstanding the verdict, it is well-settled that the standards required by that motion are the same as those raised by a motion for a directed verdict. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147. This being so, "we must determine whether such evidence would justify submission of the case to the jury." Lambie v. Tibbits, 7 Cir., 1959, 267 F.2d 902, 903. It is proper for the trial court to deny such a motion "where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of

their judgment may reach different conclusions." Smith v. J. C. Penney Co., 7 Cir., 1958, 261 F.2d 218, 219.

■ We have reviewed the record carefully and find that there was sufficient evidence in the record to send the case to the jury and upon which the jury could find that John W. Chapman was the owner of the car and that it was used principally in his business. Although there might have been conflicting testimony on these issues, such matters involve credibility, a matter which falls squarely within the province of the jury. It would serve no good purpose unnecessarily to lengthen this opinion with a detailed statement of such evidence as contained in the record. It is sufficient to state that evidence substantiating John W. Chapman's ownership of the 1955 Oldsmobile includes the original title certificate, insurance policies, and the bill of sale issued to John W. Chapman, the trade-in of his 1948 Pontiac in exchange for the 1955 Oldsmobile and the testimony regarding ownership given by John W., Jack, and Phyllis Chapman. The testimony of the parties relating to the extent of use of the 1955 Oldsmobile in the business and to the effect that John W. Chapman furnished the gas and oil for the auto except when used by Jack for personal pleasure is indicative that there was an issue of fact to be determined by the jury on the question of principal use.

We hold that there was no error in refusing to grant a judgment notwithstanding the verdict on the grounds of the conclusiveness of the evidence.

As part of its argument that the evidence is conclusive as to ownership and principal use, appellant contends that much of the testimony offered is, in effect, inadmissible under the Illinois procedural Rule of Judicial Admissions and should therefore be disregarded. Although not phrased as such in appellant's brief, this raises the legal question of the admissibility of such evidence.

Appellant states that John W., Jack, and Phyllis Chapman all made judicial admissions and are bound by such state-

ments. On December 5, 1956, John W. signed a statement drawn up by an adjuster from appellant company which read in part, "Actually I bought the car for my son to use as his own personal car." At the trial, John W. testified to the contrary and explained that his earlier statement was signed on a busy day and that the words were the adjuster's, not his. Phyllis, in a deposition taken under oath prior to trial, stated that she and her husband paid for the Oldsmobile and used it as a family car but kept title in the name of her husband's father, John W. Chapman. On trial, she gave contrary testimony and stated that she did not know whether she made the cited statements in her deposition. Jack, in his deposition, stated that the money spent for the car was from his guardianship account and that he thought his father paid for the car and took title because Jack was under age. At the trial, he testified that his father owned the car and that he did not have its unrestricted use.

 Appellant cites the recent Illinois cases of Huber v. Black & White Cab Co., 1958, 18 Ill.App.2d 186, 151 N.E. 2d 641, and Meier v. Pocius, 1958, 17 Ill. App.2d 332, 150 N.E.2d 215, as Illinois authority enunciating the principles of Judicial Admissions. The former case indicates that under the law of Illinois " '[i]f a party testifies deliberately to a concrete fact, not a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, his adversary is entitled to hold him to it as an informal judicial admission. The Court may permit him to withdraw upon reasonable explanation of it as due to a mistake, or may allow him to have the benefit of other evidence explaining it as a mistake; but otherwise he can not have the benefit of other evidence tending to falsify it.' In Illinois the doctrine has been

modified to the extent that in order to constitute a judicial admission the facts testified to must be within the peculiar knowledge of the party testifying * *." 18 Ill.App.2d at page 190, 151 N.E.2d at page 643.

This question was before the district judge who stated, "I am of the opinion that the so-called Judicial Admissions Rule does not apply under all of the facts of the case."

 Assuming, *arguendo*, that the Judicial Admissions Rule does apply to this case,[1] the Illinois standards that a nonconflicting statement falls without the rule and that an explanation will admit a subsequent inconsistent statement are satisfied here. In such a case it is for the jury to pass on the issue of the credibility of the conflicting statement. This issue was properly before the jury, and we find no error in the admission of the challenged testimony.

 Granting or denying a new trial is left to the sound discretion of the district judge. His decision will be reversed only for legal error, which includes an abuse of that discretion. Cf. Klotz v. Sears, Roebuck & Co., 7 Cir., 1959, 267 F.2d 53, involving inflammatory and prejudicial statements of counsel; Goff v. Sears, Roebuck and Company, 7 Cir., 1958, 257 F.2d 418, involving erroneous instructions; and Indamer Corporation v. Crandon, 5 Cir., 1954, 217 F.2d 391, 394, involving the weight of the evidence where "there has been no evidence introduced which could support the verdict on the point on which the new trial is sought." However, in this case we have examined the record and find no abuse of discretion in refusing to grant a motion for a new trial based on the manifest weight of the evidence. Further in the light of our discussion of the rule of Judicial Admissions, there is no abuse of discretion on the grounds of perjured testimony.

---

1. Cf., however, Rule 43, Federal Rules of Civil Procedure, 28 U.S.C.A., which states that admissibility of evidence shall be governed by federal or local rules, whichever is more liberal in receiving evidence. Appellant has relied on State Farm Mutual Automobile Insurance Co. v. Bonacci, 8 Cir., 1940, 111 F.2d 412. In view of our disposition of this issue, this case is not applicable.

We hold that the district court did not err in denying appellant's motions for a directed verdict and for judgment notwithstanding the verdict or in the alternative for a new trial, and the judgment below is

Affirmed.