John PINKOWSKI, Plaintiff-Appellant,

v.

SHERMAN HOTEL, Defendant-Appellee.

No. 13897.

United States Court of Appeals
Seventh Circuit.
Jan. 28, 1963.

John G. Phillips and Norman Peters, Chicago, Ill., for appellant.

William P. Nolan and Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff John Pinkowski brought this diversity action against defendant Sherman Hotel to recover damages for personal injuries. It was alleged that plaintiff's injuries were occasioned by defendant's negligence in its maintenance of electrical devices in its hotel and in its failure to provide plaintiff a safe place to work.

The cause was tried to a jury on the issue of liability only, and the jury was subsequently discharged when it was unable to agree upon a verdict. The trial court denied defendant's motions for a directed verdict at the close of plaintiff's case and at the close of the entire case. It denied a similar motion by plaintiff at the close of the entire case.

Following discharge of the jury, each party filed a motion for judgment and such motions were taken under advisement by the trial court, and briefs were submitted. Subsequently the trial court granted defendant's motion for judgment and dismissed the cause. In its order of dismissal the court, *inter alia*, said: "This is a motion that should have been granted at the close of the plaintiff's case but, out of abundance of caution, the court submitted the cause to the jury."

It is from this judgment for defendant that plaintiff now appeals.

Defendant's motion for judgment following discharge of the jury and the trial court's ruling thereon were made pursuant to Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The pertinent part of such rule reads:

"(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. * * * If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." (Emphasis added.)

■ The primary question to be decided on this appeal is "whether under the facts before us, as shown by the record, there was a case of liability properly made out to warrant a submission thereof to the jury for its determination." Woods v. Geifman Food Stores, Inc., 7 Cir., 311 F.2d 711 (1963).

■ In Woods, we reiterated the rules governing such a review on appeal. We must determine whether the evidence justifies submission to the jury. Lambie v. Tibbits, 7 Cir., 267 F.2d 902, 903 (1959). In doing so, we must look to all the evidence in the record, together with all reasonable inferences to be drawn therefrom. Burg v. Great Atlantic & Pacific Tea Company, 7 Cir., 256 F.2d 613 (1958). Where such evidence and inferences, when viewed in the light most favorable to the party opposing a motion for judgment in accordance with a prior motion for a directed verdict, are such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, such motion should be denied. Valdes v. Karoll's, Inc., 7 Cir., 277 F.2d 637, 638 (1960); Kropp Forge Company v. Globe Indemnity Company, 7 Cir., 275 F.2d 539 (1960); Hardware Mutual Casualty Company v. Chapman, 7 Cir., 272 F.2d 614 (1959); Smith v. J. C. Penney Company, 7 Cir., 261 F.2d 218 (1958).

At the time of the occurrence, plaintiff was an experienced painter employed by Fire Equipment Company and J. W. Ryan Painting Company, who had a contract to paint rooms inside the Sherman Hotel in Chicago, Illinois.

Plaintiff and his co-worker, Frank Young, were directed to paint a room, nine feet by twelve feet, with one window, located in the east side of the hotel. On the south wall of the room was an electric wall socket or convenience outlet in front of which was located a small writing table or desk with a table lamp on it.

The two painters brought with them to the room some materials needed for their work, including spackle, benzine, paint, shellac, rags, sandpaper and alcohol, all supplied by defendant. They moved the furniture in the room toward the center and covered it and the floor with dropcloths.

The table lamp on the writing desk was lighted when the painters entered the room. Young pulled its plug out of the socket and put the lamp aside until the contents of the room were covered. He then placed the lamp on top of the drop-cloth covering the writing table and plugged the lamp cord back into the same socket and the lamp lighted again.

An open shellac pot and a container of alcohol were placed on the floor a few

inches from the lamp wall socket on the south wall. Plaintiff had completed spackling the south wall and was standing between the writing desk and the socket, about three feet due north of the socket. He was cleaning his spackle scraper by chopping or scraping it with his putty knife.

Plaintiff testified that "while I was cleaning the scraper I sort of heard a sort of a short, and a sort of a flash, a bluish flash, coming sort of in front of me to my right. I immediately threw out my hand to ward it off my face, and the next thing was sort of a zoom, kind of an explosion, and all of a sudden I knew that I was burning on the right side. Then I tried to pat myself to put out the fire, but it was getting out of control. * * * It [the bluish flame] came from my right, from the south wall, the bottom of the south wall. * * * It came directly from the direction of the socket."

Frank Young testified that he heard a hissing which sounded like a short, followed by an explosion. When he turned around, he saw plaintiff on fire and fire burning on the wall, spreading in a circle from the socket. The drop-cloth on the floor immediately below the socket was also on fire. The table lamp was no longer lighted.

There was evidence from a number of witnesses concerning physical conditions subsequent to the explosion and the condition of the table lamp, its cord and plug and the wall socket. There was also evidence concerning the electrical system in the hotel. Plaintiff's electrical expert and others gave possible explanations of the occurrence. Naturally, some evidence was conflicting and the credibility of certain witnesses was attacked. We do not deem it necessary to further state the evidence.

█ It is sufficient to say that the weight to be accorded the testimony of any witness and the credibility of witnesses are matters peculiarly within the sole province of the jury.

█ Plaintiff's complaint charges defendant with six specifications of causal

negligence. These may be generally characterized as failing to provide plaintiff with a reasonably safe place to work and failing to maintain the electrical connections on the lamp and other electrical connections with safe wiring. He argues that the evidence demonstrates that the bluish flame, explosion and resulting fire were caused by a defective electrical connection.

Defendant argues that there was no proof of negligence on its part and that plaintiff's evidence demonstrated his own carelessness and that the fire was caused by his cleaning his scraper with another metallic tool in close proximity to the open can of shellac with highly volatile vapors flowing therefrom.

Our examination of the record as a whole leaves us with the definite conclusion that this was a case properly to be submitted to the jury on the question of liability. The fact that the jury could not reach an agreement on a verdict on this issue, further strengthens our conviction that the evidence, with all reasonable inferences to be drawn therefrom, when viewed in the light most favorable to plaintiff, was such that reasonable men (the jury) not only could but did reach different conclusions.

We are compelled to conclude, therefore, that the district court should not have granted defendant's motion for judgment after the jury was discharged and that it erred in so doing.

The record shows that plaintiff filed a claim for compensation, pursuant to the provisions of the Illinois Workmen's Compensation Act, against his employers, Chicago Fire Equipment Company and J. W. Ryan Company. The claim was subsequently allowed and paid by their insurance carrier. The employers were permitted to intervene in this cause for the protection of any lien they might have on any judgment in favor of plaintiff but not for the purpose of permitting the intervenors to participate in the conduct or trial of the case.

This becomes pertinent on this appeal solely because defendant contends that

plaintiff's testimony at the prior hearing on his claim before the Industrial Commission is contradictory of his testimony in the trial in the district court in explaining how the fire in question started. Defendant argues that the two "versions given are completely incompatible with truth." It urges upon us that, under Illinois law, the testimony given by plaintiff before the Industrial Commission rises to the level of a judicial admission and compels the entry of judgment against him. We do not agree.

We have examined the record relating to plaintiff's two versions of "how the fire started," and fail to find such a contradiction therein as will support defendant's contention in this regard. We do not reach the question of the application of the Judicial Admissions Rule in Illinois. In its brief, defendant charges plaintiff with perjury. That is a matter for determination by the jury. Cf. Hardware Mutual Casualty Company v. Chapman, 7 Cir., 272 F.2d 614, 617 (1959).

Defendant further argues that plaintiff is barred from recovery because of his own contributory negligence. It is sufficient for us to say that based on our review of the record we think that was a jury question.

Other questions are raised by the parties with reference to the introduction into evidence of the discovery deposition of witness Frank Young and the refusal of the trial court to instruct the jury concerning certain provisions of the Municipal Code of Chicago. We need not pass upon these contentions in view of our disposition of this case.

We do not intend by this opinion to indicate any view on the ultimate liability of defendant in this cause. Our holding is limited to a determination that this is a question for the jury to decide.

For the foregoing reasons, we hold that the district court erred in granting defendant's motion for judgment.

The judgment below for defendant is reversed and this cause is remanded to the district court for a new trial.

Reversed and remanded.