Margaret Rita McKAY, administrator of the Estate of Willis McKay, Deceased, etc., Plaintiff-Appellant,

v.

UPSON-WALTON COMPANY, an Ohio corporation, Defendant-Appellee.

No. 13886.

United States Court of Appeals Seventh Circuit.

May 15, 1963.

Maurice James Moriarty, Chicago, Ill., for appellant.

John C. McKenzie, Francis D. Morrissey, Baker, McKenzie & Hightower, Chicago, Ill., for defendant-appellee, Michel A. Coccia, Philip J. McGuire, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Margaret Rita McKay, administrator of the Estate of Willis McKay, Deceased, plaintiff-appellant, brought this diversity action in the District Court against Upson-Walton Company, defendant-appellee, to recover damages for fatal injuries sustained by plaintiff's intestate. Liability of the defendant was predicated upon allegations of its negligence in the design and manufacture of a tackle block and hook.

On July 3, 1958, a crew from Phillips Getschow Co., the decedent's employer, was using an 8 inch double sheave block and hook, manufactured by the defendant and rated in the catalogue defendant furnished its customers as having a working load capacity of 2½ tons, to lift a length of steel pipe weighing approximately 9,100 pounds. The decedent, a steamfitter, was not involved in the hoisting operation nor in the earlier setting up of the rigging being used. He was performing other work in the vicinity of the operation. The hook straightened out and the pipe fell. It glanced off an already installed pipe. The decedent was struck and sustained injuries from which he died. The block and hook, a type listed in defendant's catalogue as its No. B–292, had come into the hands of decedent's employer through the Brock Tool and Supply Co., of Chicago, Illinois, to which defendant had sold such a unit. The working load capacity was not marked on the device itself but the catalogue number B–292 appeared thereon.

The cause was tried to a jury. At the close of the evidence subparagraphs of the complaint containing allegations of negligence in design, failure to incorporate an adequate safety factor, failure to test adequately, and negligence in manufacturing a block whose capacity was exceeded by that of the rope used in it, were stricken on defendant's motion. We perceive no error in such ruling. There was nothing in the evidence adduced to support such allegations.

The jury failed to agree upon a verdict. The District Court, acting pursuant to the provisions of Rule 50(b), Federal Rules of Civil Procedure (28 U.S.

C.A.), granted defendant's motion for judgment. The plaintiff appealed.

■ The primary question to be determined on this appeal is whether the facts, as shown by the record, required submission of the case to a jury. In making such determination we must look to all the evidence in the record, together with all reasonable inferences to be drawn therefrom. If such evidence and inferences, when viewed in the light most favorable to the plaintiff, are such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, the case must go to a jury. Pinkowski v. Sherman Hotel, 7 Cir., 313 F.2d 190, 192.

■ On the record before us we need but consider the issue as to whether under the facts and circumstances involved the failure of the defendant to visibly mark or label the device with notice of its 2½ ton working load capacity constituted conduct from which the jury could find negligence as would support a verdict for the plaintiff.

From the record it is clear that it was the over-loading of the device which caused the hook to bend or straighten out and the pipe being hoisted to fall. There was no evidence of knowledge, or lack of knowledge, of the device's 2½ ton load rating or limitation on the part of decedent's employer, its riggers who set up the hoisting apparatus, or its crew engaged in the hoisting operation. There was nothing in the size of the device, which in itself, indicated that it was suitable for use in connection with the lifting of a load of 9,100 pounds—the weight stenciled on the length of pipe which was being lifted. The evidence discloses that the working load capacity of the device was a fact which was readily obtainable. A verdict for the plaintiff could be sustained only if it were reasonable to conclude that the defendant was bound to foresee that someone would attempt to use the block and hook in question to hoist a 9,100 pound load without ascertaining the device's rated load capacity.

From our examination of the authorities cited by the plaintiff, including Biller v. Allis Chalmers Mfg. Co., 34 Ill.App.2d 47, 180 N.E.2d 46, upon which heavy reliance is placed, we do not find support for plaintiff's contention that the defendant, as manufacturer of the block and hook, was chargeable with foresight of such careless and imprudent conduct on the part of a user and under duty to attempt to anticipate against it by affixing additional notice of its work load capacity on the device itself. It is obvious that such labeling would afford a convenient means for a user to ascertain that which reason and prudence demands that he ascertain but we are of the opinion that the defendant was under no duty to take this additional step in an attempt to anticipate against possible injury or damage due to an abusive use of its product by a user.

The judgment order of the District Court is affirmed.

Affirmed.

SWYGERT, Circuit Judge (concurring).

I concur in the result of the majority opinion on the basis that evidence is entirely lacking that those engaged in the hoisting operation were unaware of the load capacity of the block and hook. In my opinion there was a fatal lack of proof that the riggers did not know the limitations of the block and hook and that they needed a warning. Thus, I think there was no showing that a failure to warn was the proximate cause of the fatal accident.

I do not join in the majority's views that a manufacturer may immunize himself from liability by printing a catalog that may or may not accompany the device into the hands of workmen—inexperienced perhaps—who are unaware of the device's inherent limitations, particularly when the normal use to which the device is put may endanger men's lives if overloaded.

Defendant-manufacturer, Upson-Walton, sold the block and hook in question to Brock Tool and Supply Co. which in

turn apparently sold it to Phillips Getschow Co. While there was evidence that defendant's customers were supplied with catalogs which listed the working capacity of its products, there was no proof that these catalogs came into the hands of ultimate consumers such as Phillips Getschow or its employee Brown, the rigger who was responsible for lifting the pipe that killed the decedent, McKay.

While there was also proof that capacities of standard hoisting equipment are listed in standard reference books available to the trade, I am not prepared to say that either the catalog or the reference books constituted the adequate warning that may be required of a manufacturer to a user of his product who is ignorant of the limitations of the product and which product may be dangerous if such limitations are exceeded.