44 Ill. App.2d 169 (1963)
194 N.E.2d 358
Granite City Steel Employees Federal Credit Union, a Corporation, Plaintiff-Appellee,
v.
Mercury Mutual Insurance Company, a Corporation, Defendant-Appellant.
Gen. No. 63-O-9.
Illinois Appellate Court  Fourth District.
November 5, 1963.
*170 Strubinger, Burke, Keller & Davis, and Edward P. Burke, all of Belleville, for appellant.
Horace L. Calvo, of Granite City, for appellee.
*171 HOFFMAN, JUSTICE.
In this case, plaintiff, as assignee of John J. Valley, recovered a judgment against the defendant insurance company in the sum of $1,977. The suit was based on a claim for loss by car theft under a policy issued by the defendant. Valley, the insured, assigned his claim under the policy to the plaintiff, Granite City Steel Employees Federal Credit Union, from whom he had purchased the car.
The defendant insurance company contends that it is not liable under the policy because the insured failed to give notice of the loss "as soon as practicable" in accordance with the terms of the policy, and, secondly, because the insured had no insurable interest at the time of the loss. Plaintiff answers by stating that both of these questions were jury questions, and that the jury has found for the plaintiff on both issues.
[1] On August 4, 1958 Valley talked with the treasurer of plaintiff Credit Union about the purchase of a 1957 Buick which the Credit Union owned as a result of a previous repossession. At that time the price was agreed upon and a loan application for the money to buy the car was signed by Valley. He was then told to get insurance to complete the transaction. The loan was approved by the committee of the Credit Union and August 6, 1958, Valley signed a chattel mortgage, note, wage assignment and an application for a car title. The representative of the credit union then gave Valley the keys to the car, as he thought the purchaser was going to take the car with him. However, the keys were immediately returned as Valley stated he had a ride that day, and that he wanted the car greased and oiled, saying that he would pick it up later. He also asked to have the car checked over at the service station to see if there was anything wrong with it. Before the various loan *172 papers were signed on August 6, the agent for the defendant insurance company had phoned and advised the plaintiff credit union that the car was covered by insurance. The car was serviced and put on the parking lot. It was last seen on August 8.
On Saturday, August 9, the car was first missed and the credit union called the police reporting the car as missing.
When Valley came in to get the car on the following Monday, he was told the car was missing, and he was also told that the police had been informed. Valley testified that he, himself, later informed the insurance agency of the loss, but he did not know the date of doing this. Records introduced in evidence on behalf of the insurance company showed a notation that the notice of the loss of car was given defendant on August 19 (8 days after Valley was first informed of the theft).
The policy, bearing date August 8, 1958, contained the following provision:
"Insured's Duties in the Event of Loss. In the event of loss the insured shall:
"(b) give notice hereof as soon as practicable to the company or any of its authorized agents and also, in the event of theft, to the police."
[2] It has previously been said that under an insurance policy a notice of loss is a matter of substance and imposes a valid condition of coverage. The reason is that promptness in the investigation of a loss is dependent upon promptness of notice. This condition goes to the character of the risk. International Harvester Co. v. Continental Cas. Co., 33 Ill. App.2d 467, 179 NE2d 833. In the International case, 21 months elapsed before notice was given. The court noted that the affidavit of the International Harvester failed to set forth facts excusing the delay. The court thus held, as a matter of law, that there was no coverage *173 because of the failure to give proper notice of the loss.
[3] A review of available authorities indicates that ordinarily the question of whether or not notice has been given seasonably is one of fact for the jury and not for one of law for the court. Higgins v. Midland Cas. Co., 281 Ill. 431, 118 NE 11. See also 66 ALR2d 1283 for treatment of this question. Prompt notice is sometimes of real advantage to the insurance company, as an early investigation often mitigates the loss. On the other hand, it has been said that many meritorious claims would be defeated on technical grounds if the requirement of giving notice is enforced too strictly. In Southern Cas. Co. v. Landry, 266 SW 804 (Tex Civ App), cited in the ALR2d annotation, notice of the theft wasn't given until 17 days, and it was held that this was not unreasonable as a matter of law. In Falls City Plumbing Supply Co. v. Potomac Ins. Co., 193 Ky 734, 237 SW 376, also cited in the same annotation, 5 days was held not unreasonable. In these cases, the policies provided that "immediate" or "forthwith" notice be given. However, the courts in these cases, notwithstanding the limited meaning of the terms, adopted a rule of reasonable notice.
In Gallagher v. American Alliance Insurance Co., 220 Ill. App. 476, relied on by the defendant, the court reversed a judgment for the plaintiff on the ground that plaintiff had failed to prove that he had given notice of the loss forthwith and failed to give a sworn statement. It appeared, however, that the plaintiff had never given any notice directly to his insurance company. Such is not our case.
We conclude that failure in this case to give notice for 8 days should not be considered unreasonable, as a matter of law. We further conclude, in this case, that whether or not it was unreasonable was for the jury to decide.
*174 [4] The insurance company further contends that the title had never passed to Valley and that therefore he had no insurable interest. It points out that the credit union hadn't forwarded the title application to Springfield, and that Valley did not accept the keys when they were handed to him. No cases are cited by the insurance company which support its position. Huber v. Black & White Cab Company, 18 Ill. App.2d 186, 151 NE2d 641, was cited as authority for the effects of judicial admissions. We agree with the law in that case but find no application to the case at hand.
[5, 6] The principles applicable to transfer of title to chattels have been stated clearly and accurately in the case of Mullen v. Farm Bureau of LaSalle County, 21 Ill. App.2d 280, 157 NE2d 679 and in Shilling v. Campbell, 38 Ill. App.2d 180, 186 NE2d 782. These cases interpret the applicable provisions of the Sales Act in effect. Chapter 121 1/2, Sections 18 and 19, Illinois Revised Statutes, 1961. The time of passing title is a question of the intention of the parties. In the Mullen case, the court held that the word "deliver" in an insurance policy did not mean that the car had to be delivered physically to the buyer. In both cases, the question of the title's passing was held to be a question of fact for the trier of facts.
We note that in the case at bar the court gave an instruction, at the instance of the plaintiff, setting forth in clear language the provisions of the Sales Act pertaining to the time when property is transferred to a buyer. Also, at the instance of the defendant, the court told the jury in clear language that the plaintiff could not recover unless plaintiff showed that the property in the car had passed to Valley at the time of the occurrence. The question was clearly put to the jury and nothing in the record indicates that the jury misunderstood the problem.
*175 We are satisfied that there was competent evidence in this case to support the jury's findings and that such findings are not against the manifest weight of the evidence. The judgment appealed from is affirmed.
Affirmed.
CULBERTSON, P.J. and SCHEINEMAN, J., concur.