William E. FAIRBANKS, Plaintiff-Appellee,

v.

YELLOW CAB COMPANY, Defendant-Appellant.

William E. FAIRBANKS, Plaintiff-Appellant,

v.

Marcia ROSENBAUM, now Marcia Rubel, Defendant-Appellee.

Nos. 14669, 14670.

United States Court of Appeals Seventh Circuit.

May 18, 1965.

William J. Harte, Robert M. Ahern, Chicago, Ill., for plaintiff cross-appellant William E. Fairbanks, John J. Kennelly, Chicago, Ill., of counsel.

Louis Gershon, Van Duzer, Gershon & Jordan, Chicago, Ill., for defendant-appellee Marcia Rosenbaum, Horace W. Jordan, Chicago, Ill., of counsel.

Philip W. Tone, Julius Jesmer, Donald R. Harris, Chicago, Ill., for defendant-appellant Yellow Cab Co., Raymond, Mayer, Jenner & Block and Jesmer & Harris, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

These diversity personal injury actions were tried without a jury and resulted in finding and judgment of $30,000 for plaintiff against Yellow Cab Company in No. 14669; and in No. 14670 finding and judgment against plaintiff and for defendant Marcia Rosenbaum, now Marcia Rubel. The Yellow Cab Company has appealed in No. 14669, and plaintiff has appealed in No. 14670. We affirm both judgments.

Plaintiff was injured while a passenger in a Yellow Cab when it collided with the Rosenbaum car on May 6, 1957, a clear, dry day, on Stetson Court near Randolph Street in Chicago. Both the cab and car were going south on Stetson Court, the cab in the lane nearest the west curb, and the Rosenbaum car in the next lane. The cab turned left, to go around a cab which had stopped in front of it, and the collision occurred.

The district court found that the cab driver, without warning, abruptly turned left, and that this negligent conduct was the sole proximate cause of the collision and injury. It found Marcia Rosenbaum was without blame in the event.

Yellow Cab contends that plaintiff's "judicial admission" requires reversal of plaintiff's judgment; that his proffered evidence supports two inconsistent conclusions concerning the cause of the collision and thus sustains his burden as to neither; and that the findings of fact are not particular enough under F.R.Civ.P. 52(a), are clearly erroneous, and do not support the award of $30,000 in damages. Plaintiff contends that the district court erred in not finding as a matter of law

that defendant Rosenbaum was negligent, or alternatively, that the finding of non-liability was clearly erroneous. We see no merit in any of these contentions.

Plaintiff testified that the cab was struck from behind after it turned. In answer to a question on cross-examination as to his estimate of the length of time that elapsed between the sudden swerve of the cab and the collision, he said that it was "possibly 10" seconds. At the slow speeds at which these vehicles were traveling on a clear, dry day, a ten second lapse could exculpate the cab driver if hit from the rear under these circumstances. When questioned further about his estimate, plaintiff said "Estimating fractions like that, obviously I'm going to be inaccurate" and that "some seconds elapsed [for the cab] to get out there to get hit." Under Illinois law a judicial admission can be based only on "deliberate, clear, and unequivocal statements of facts * * * not a matter of opinion, estimate, appearance, inference, or uncertain memory * * *." Huber v. Black & White Cab Co., 18 Ill.App.2d 186, 190, 151 N.E.2d 641, 643 (1958); Tennes v. Tennes, 320 Ill.App. 19, 33, 50 N.E.2d 132 (1943). Plaintiff's statements do not amount to a judicial admission of the non-liability of the cab company.

Yellow Cab, on the assumption that plaintiff's testimony showed non-negligence of the cab company, points to the testimony of defendant Marcia Rosenbaum, called as a witness for plaintiff, showing the cab company was negligent. It argues that plaintiff, having thus presented evidence of two different sets of facts which lead to inconsistent conclusions, proved neither. Grand Trunk Western R. Co. v. Holstein, 67 F.2d 780, 782 (6th Cir. 1933); Gary Theatre Co. v. Columbia Pictures Corp., 120 F.2d 891, 895 (7th Cir. 1941) (dictum).

The testimony of plaintiff considered as a whole does not conclusively show that the company was non-negligent. And it does support the finding, which we cannot say is clearly erroneous under F.R. Civ.P. 52(a), that the proximate cause

of the collision was the sudden, unsignalled turn of the cab. His entire testimony shows that it appeared to him that there was some impact between the right front portion of the Rosenbaum car and the left rear portion of the cab. This being so, the precise point of impact was not material to the question of Yellow Cab's negligence, but only to the question whether Marcia Rosenbaum was also negligent.

In assessing damages the district court reviewed the medical history from 1956 of plaintiff's right shoulder and neck area, the first injury from throwing a ball, a reinjury from a slap on the back several months later, and his hospitalization and treatment including the use of a neck collar; found that in February 1957 he needed the collar no more and was able to work fourteen hours a day; that the "pre-existing, substantially subsided neck condition" was aggravated by the collision in suit; and that as a result the preexisting condition was aroused, requiring hospitalization, treatment, and resumption of use of the neck collar. Finally, in December 1958, plaintiff underwent a cervical laminectomy and related surgery to relieve the pain.[1]

These findings have substantial support in the evidence and are not clearly erroneous. There is evidence from which the district court could find that the previous painful condition of plaintiff's right shoulder and neck area was aggravated by the collision and that his suffering and required surgery thereafter were attributable to the collision. The issues were relatively uncomplicated and the district court's findings and conclusions are sufficient for the purpose of review.

Plaintiff was secretary and general counsel of the Lipton Tea Company with an average salary of about $22,000 from 1957 to 1959. The court found that he lost ninety-one days from work as a result of the May 6, 1957 accident; that he incurred $4,000 in medical expenses; and that he "suffered considerable neck pain from May 6, 1957 until about January of 1959 * * * but still suffers from residuals of pain in the area of the surgery of his neck." We see no basis on which to disturb the award of $30,-000.

The district court found that Marcia Rosenbaum did not see the cab before the collision; that thereafter the vehicles stopped with the left front fender of the cab against the right rear fender of the Rosenbaum car, with the only damage to her car a scratch on the right rear fender; that the cab was at a 45 degree angle from the curb; and that Marcia Rosenbaum's failure to see the cab before the collision did not contribute to the accident. And the court concluded that there was no negligence and no liability on her part.

We see no reason to disturb these findings and the conclusion.

The judgments are affirmed.

---

1. The district court stated in the findings of fact that a ruptured disc was removed. This statement was erroneous since the operation actually consisted of removing the right laminae of the C5-6 vertebrae and cutting away bony excrescences which were impinging on a nerve, but the error was harmless and resulted in no prejudice to Yellow Cab.