**1484**

Mary M. LUXEN, Plaintiff,

v.

HOLIDAY INNS, INC., Defendant.

No. 82 C 3305.

United States District Court,
N.D. Illinois, E.D.

July 19, 1983.

John S. Adler, John D. Hayes & Associates, Ltd., Chicago, Ill., for plaintiff.

Theodore J. Theophilos, Sidley & Austin, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The instant lawsuit arises from a November 14, 1980 incident in which the plaintiff, Mary M. Luxen, was injured in a fall which occurred while she was climbing a set of stairs on the premises of one of the defendant's hotels in Hazelwood, Missouri. Before the Court is the defendant's Motion for Summary Judgment. For the reasons stated herein, partial summary judgment is entered for defendant.

Plaintiff makes three allegations of negligence in support of her cause of action. The first is that the defendant's negligence in failing to provide proper lighting proximately caused the fall. Second, it is claimed that defendant's negligence in failing to remove fallen leaves proximately caused the fall. Finally, plaintiff claims that defendant negligently failed to provide a handrail on the wall of the stairway where plaintiff fell, thus proximately causing plaintiff's injuries. The Court will consider each claim individually.

## FAILURE TO PROVIDE PROPER LIGHTING

■ Although plaintiff claims that inadequate lighting on the staircase caused her fall, there is no genuine issue of material fact in this regard. While there is much deposition testimony from various witnesses that the light directly above where plaintiff fell was not functional at the time of the incident, it is undisputed that there was sufficient light for plaintiff to see where she was going and to proceed safely. The following is excerpted from plaintiff's deposition:

Q. And when you got to the steps, did you have a hard time seeing where you were going?

A. It was dark.

Q. My question is: Did you have a difficult time seeing where you were going?

A. No, no, no.

(Plaintiff's deposition, pp. 46–47.)

■ While testimony from other witnesses would appear to raise the issue of lighting, it is clear that plaintiff had no trouble seeing and thus was not caused to fall by the alleged darkness. Where a party testifies to a fact which is peculiarly within the party's own knowledge, such a statement constitutes a binding admission upon the party. *Glick v. White Motor Co.,* 458 F.2d 1287 (8th Cir.1972); *Fairbanks v. Yellow Cab Co.,* 346 F.2d 258 (7th Cir.1965). As plaintiff concedes that the light was sufficient, no issue of fact can arise. Summary judgment as to the issue of lighting is therefore appropriate.

## FAILURE TO REMOVE FALLEN LEAVES

■ Plaintiff also claims that her fall was caused by the presence of certain debris, specifically leaves, which had accumulated on the stairs and which defendant had failed to remove. In her deposition, plaintiff states that she did not see the spot that she tripped on prior to the fall and that she did not remember whether her feet made contact with anything but the pavement. She did *not* say that her feet did *not* contact the debris. Further, the testimony of the witnesses reflects the fact that many leaves were present and that the leaves were slippery. Such testimony raises the issue of whether the defendant's failure to remove leaves was the proximate cause of the fall. As there remains a genuine issue of material fact as to the part the failure of defendant to remove the leaves played in causing plaintiff's injuries, summary judgment as to this issue must be denied.

## FAILURE TO PROVIDE A HANDRAIL

Plaintiff's final claim is that defendant's failure to provide a handrail on the wall side of the stairway proximately caused plaintiff's injuries. Defendant counters by asserting that summary judgment is warranted because there is no dispute that the premises were in compliance with the applicable building codes.

■ On March 5, 1979, the City of Hazelwood, Missouri passed Bill No. 1350, Ordinance No. 1320–79, thus codifying the 1978 BOCA Basic Building Code. Under the BOCA code, unless an inspector finds the exitways to be "inadequate for safety," the exitways in an existing building shall be deemed to be in compliance with the Code. BOCA Basic Building Code (1978), § 604.2.-1. Because the inspector did not find stairway to be inadequate for safety, there can be no issue as to whether the stairway was in compliance with the BOCA code. That the stairway was in compliance with the BOCA code is supported by the deposi-

tion testimony of experts for both plaintiff and defendant. Furthermore, because the BOCA code specifically sets out requirements for buildings in existence prior to its enactment and because it expressly states that all prior codes are "hereby repealed and held for naught," there can be no question that the code as enacted in 1979 was the applicable code at the time of the incident. Therefore, no issue of material fact exists that a violation of the code provision was a proximate cause of plaintiff's injury. This does not, however, end the Court's inquiry.

Plaintiff alleges that the failure to provide a handrail was the proximate cause of plaintiff's injury. While defendant may well have been in compliance with the applicable building and safety code provisions, such compliance does not preclude a determination that, under the circumstances, defendant was nevertheless negligent. As Prosser notes, compliance with a statute does not necessarily mean that due care was used. W. Prosser, *Law of Torts, 4th Ed.*, § 36, at 203 (1971). Thus, where specific circumstances present situations beyond those which the statute was designed to meet, a plaintiff may prove that the defendant was negligent in not taking extra measures. *Grand Trunk Ry. Co. v. Ives,* 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485 (1892); *McVicker v. Chesapeake and Ohio Ry. Co.,* 307 F.2d 501 (6th Cir.1962), *New York Central Ry. Co. v. Chernew,* 285 F.2d 189 (8th Cir.1960). *Davis v. Illinois Terminal Railroad Co.,* 326 S.W.2d 78 (Mo.1959); *Corley v. Gene Allen Air Service, Inc.,* 425 So.2d 781, 784 (La.Ct.App.1982). Defendant is only entitled to summary judgment on the issue of statutory compliance. Whether defendant was nevertheless negligent remains in issue.

## CONCLUSION

For the reasons stated herein, summary judgment is entered for defendant on the issues of whether there was sufficient light and whether defendant was in compliance with the applicable ordinance in not provid-ing a handrail. As to all other issues, summary judgment is denied.

IT IS SO ORDERED.