Andrew Arnold, Appellee, v. Elizabeth Rebhan, Appellant.

Opinion filed February 1, 1932.

W. E. Knowles, for appellant.

Turner & Holder, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant and her son-in-law, W. J. Ruediger, executed their promissory note to appellee for $3,000. This suit was brought upon the note against appellant alone. Appellee filed with his declaration an affidavit of claim to the effect that the consideration of the note was money loaned by him to appellant. Appellant claimed a credit of $1,000 and there was a verdict and judgment for $2,150.96.

Appellant's sole contention is that the court erred in refusing to direct a verdict in her favor. She concedes that she is liable on the note, but insists that appellee failed to prove that the consideration therefor was money loaned to her as he stated in his affidavit of claim. She says that appellee did not even attempt to prove his case as laid in his pleadings and affidavit of claim, which was that the consideration was money loaned to her, and that by reason thereof she should have had a directed verdict. In other words it amounts to a claim that there was a variance between the allegations and the proof. She makes no claim that the court erred in admitting the note in evidence. She was clearly liable thereon without regard to what was the consideration therefor.

The motion for a directed verdict did not state the ground upon which it was based. The only ground now insisted upon is that there was a variance. A variance between the allegations and the proof in an action at law can only be taken advantage of upon the trial by an objection specifically pointing it out, so that it may be obviated by an amendment if necessary. *Carney v. Marquette Third Vein Coal Min. Co.*, 260

Ill. 220. A general objection on the ground of variance is not sufficient. *St. Clair County Benev. Society v. Fietsam,* 97 Ill. 474. There is no merit in appellant's contention.

Appellee states that he assigned cross errors on the record and argues that the court erred in overruling his motion for a new trial, in excluding evidence offered by him and in giving instructions for appellant. He filed no abstract and none of those matters appear in appellant's abstract. Cross errors cannot be considered unless the matters complained of appear in the abstract furnished by the appellant or in an additional abstract furnished by the appellee. *People v. Chicago, I. & S. R. Co.,* 248 Ill. 126. Appellee is in no position to insist upon his cross errors. The judgment is affirmed.

*Affirmed.*