**Charles R. Morrow, Plaintiff-Appellee, v. Lois B. Morrow, Defendant-Appellant.**

**Gen. No. 11,056.**

Second District, Second Division.
October 9, 1957.
Released for publication November 8, 1957.

Singer & Singer, of Highland Park, for appellant.

Julius W. Marciniak, of Chicago, for plaintiff-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

This is a suit for divorce. Plaintiff filed his complaint alleging the residence of the plaintiff and defendant, that they were married at Monticello, Georgia, on November 6, 1934, and lived and co-habited together until March 1, 1956, that two children were born to the parties, that plaintiff had at all times been a good, true and virtuous husband, and "that defendant, Lois B. Morrow, has been guilty of continual and habitual use of intoxicating beverages for a period of at least two years prior to the time of the commencement of this cause." Plaintiff prayed for a divorce, for custody of the children and such relief as the court deemed proper. Defendant filed an answer to the complaint denying the material allegations therein, and alleging by way of affirmative defense recrimination, condonation, extreme and repeated cruelty, and

habitual drunkenness on the part of plaintiff. The cause came on for hearing before a judge and jury. The record in this court does not reveal the nature or content of the instructions which were given to the jury. Considerable testimony was received in evidence, following which the jury returned a verdict: "We, the Jury, find the issues in favor of the plaintiff and against the defendant." Thereupon the trial judge entered a decree as follows:

"This cause coming on to be heard, having heretofore been referred to a jury on the issue of fault on the part of the defendant as set forth by the plaintiff in his Complaint, and

The jury having heard evidence and entered a verdict for the plaintiff, find the defendant guilty of habitual drunkenness, and find the plaintiff not guilty of recrimination, and this court having heard the arguments of counsel, and being fully advised in the premises, finds:

1. That the plaintiff is an actual resident of the county of Lake, community of Highland Park, in the State of Illinois, and that he has been so actually and continuously for at least one year last and immediately prior to the filing of this Complaint for Divorce in the above-entitled cause.

2. That he was lawfully joined in marriage to the defendant, Lois B. Morrow, on the 6th day of November, 1934, at Monticello, Georgia; and that the plaintiff did live and cohabit with the defendant as husband and wife until on or about the first day of March, 1956.

3. That there have been born as the result of said marriage two children, namely, Edwin P. Morrow, age 16, and Marion Starr Morrow, age 14; and that there have been no children adopted.

4. That the defendant, Lois B. Morrow, has been guilty of continual and habitual use of intoxicat-

ing beverages for a period of at least two years prior to the time of commencement of this cause of action.

5. That the plaintiff is not guilty of any recrimination.

6. That the court finds it has jurisdiction of the parties hereto and the subject matter hereof, the defendant, Lois B. Morrow, having been personally served with summons.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That the bonds of matrimony heretofore existing between the plaintiff, Charles R. Morrow, and the defendant, Lois B. Morrow, be and the same are hereby dissolved, and the same are dissolved accordingly;

2. That the question of custody of the two minor children, Edward P. Morrow, age 16, and Marion Starr Morrow, age 14, be and the same is hereby reserved until the further order of this court;

3. That the question of property rights that may exist between the parties hereto is hereby reserved until the further order of this court."

Defendant-appellant appeals from the decree of divorce, asserting as error that the jury's verdict was contrary to the manifest weight of the evidence, that recrimination was fully proved, that the complaint failed to state a cause of action, and that there was a fatal variance between proof and complaint.

In the view we take of this case, it becomes unnecessary to consider the evidence, which was to some extent conflicting.

██ There is no common law governing divorce. Resort to the courts for such purposes is a privilege existing solely by grant of the legislature, People ex rel. Christiansen v. Connell, 2 Ill.2d 332, 340, McFarlin v. McFarlin, 384 Ill. 428, 430. The power of the court is therefore limited by statutory provisions, Smith v. Smith, 334 Ill. 370, 379, and the long-recognized rule

112

is that divorce laws will be strictly construed, Floberg v. Floberg, 358 Ill. 626, 629.

■ The first provision of the Divorce Act of this State (S.H.A. Ch. 40, Sec. 1) sets forth the grounds for divorce in Illinois. A divorce can be granted only for the causes specified in the statute, Floberg v. Floberg, 358 Ill. 626, 629, Youngs v. Youngs, 130 Ill. 230, 235, and any thing short of its requirements will not suffice as a ground for divorce, I.L.P. Divorce Sec. 11. One of the grounds enumerated in the statute is in the case of "habitual drunkenness for the space of two years."

■ In this case the complaint did not charge defendant with being guilty of "habitual drunkenness for the space of two years," which is the language of the statute and the only grounds relative to the use of intoxicating liquors contained in the divorce statute, but with "being guilty of continual and habitual use of intoxicating beverages for a period of at least two years prior to the time of the commencement of the cause." Giving words their normal meaning, it seems apparent that "continual and habitual use of intoxicating beverages" is not tantamount to "habitual drunkenness." One may habitually or customarily imbibe one or two drinks of alcoholic liquor a day and thus be said to be guilty of "continual and habitual use of intoxicating beverages," and yet such conduct would not ordinarily amount to "habitual drunkenness."

■ The same language found in the complaint and just referred to, i.e., "continual and habitual use of intoxicating beverages for at least two years," is included among the findings in the decree and apparently was intended to serve as the sole ground for granting a decree of divorce. Plainly, such finding does not and cannot support a divorce decree.

113

The complaint does not allege a statutory ground for divorce, and even more important, the decree is not based on a statutory ground for divorce in this state. The factual issues were decided by a jury, and since we are not advised as to how the jury was instructed, we cannot ascertain whether the case was tried on the proper issues. As we previously pointed out, the verdict of the jury was simply: "We, the Jury, find the issues in favor of the plaintiff and against the defendant."

Furthermore, an examination of the record reveals that, within thirty days after entry of the decree, the defendant filed a post-trial motion which alleged, with other grounds, that the verdict and judgment are contrary to the law and the evidence and that the complaint fails to state a cause of action. The record is silent as to whether this post-trial motion was ever argued or ruled upon by the trial Judge and we, therefore, assume that no ruling was made. It was incumbent upon appellant to obtain a ruling on her post-trial motion, Sec. 68.1 of the Civil Practice Act (S.H.A. Ch. 110, Sec. 68.1).

For these reasons we are required to reverse the decree of the Circuit Court of Lake county and remand the cause to that court to pass upon defendant's post-trial motion and for further proceedings consistent with this opinion.

Reversed and remanded.

CROW, P. J. and WRIGHT, J., concur.