Ruth McCormack, Plaintiff-Appellee and Cross-Appellant, v. Wayne T. Haan and Thomas Haan, Defendants-Appellees, Neil M. Foulds as Administrator of the Estate of Patrick L. McGann, Deceased, Defendant-Appellant.

**Gen. No. 11,279.**

Second District, Second Division.

October 19, 1959.

Released for publication November 5, 1959.

Dixon and Gunner, of Dixon (William R. Gunner, of counsel) for appellant.

Bull, Ludens, and Potter, of Morrison (Robert H. Potter, of counsel) for plaintiff-appellee.

Fearer and Nye, of Oregon (Gerald W. Fearer, of counsel) for cross-appellees.

JUSTICE SOLFISBURG delivered the opinion of the court.

This action was brought to recover for personal injuries sustained in a two-car intersection collision. Plaintiff was riding as a guest in an automobile driven by one Patrick L. McGann, who, with the other two passengers in the McGann vehicle, sustained fatal injuries. The other vehicle involved was owned by the defendant, Thomas Haan, and driven by his minor son, the defendant Wayne T. Haan.

Count I of the Amended Complaint was a willful and wanton count against the administrator of the estate of Patrick L. McGann, deceased. Count II was a general negligence count against the defendant, Wayne

T. Haan. Count III was directed against defendant, Thomas Haan, alleging negligence in permitting his automobile to be driven by his fifteen year old son who was without a driver's license and otherwise an incompetent driver. Count IV asserted that as the proximate result of the concurrent willful and wanton misconduct of the administrator's intestate and of the negligence of the defendants Haan the plaintiff was injured.

Answers by the defendants denying the material averments in the Amended Complaint were filed, and the case was tried before a jury. The jury returned a verdict of not guilty as to the defendants Haan and a verdict of $15,000 for the plaintiff against the defendant, Neil M. Foulds, administrator of the estate of Patrick L. McGann, deceased. Judgments were entered on the verdicts. The plaintiff and the defendant administrator each filed post trial motions which were denied. Thereafter the defendant administrator appealed to this court from the judgment against him and plaintiff has filed her cross-appeal from the adverse judgment against her and in favor of the defendants Haan.

A recitation of the facts in evidence is necessary for an understanding of the issues before us.

On March 23, 1957, at about 10:30 p. m., plaintiff, Mrs. McCormack, a sixty-four year old widow, was riding as a guest in the right front seat of a car driven by her brother-in-law, Patrick McGann. Mrs. McGann and a Mrs. Abel were riding in the rear seat. The car was traveling south on the Lowell Park Road (also referred to as the Dixon-Mt. Morris Blacktop Road) and was approaching the intersection of the latter road with the Polo Road (also referred to as the Pines Road) in Ogle County, Illinois.

The main traveled portion of each road was 20 feet in width. The weather was clear and the pave-

89

ment dry. The grade of the Polo Road in the vicinity of this intersection ran on an upgrade from east to west. The northeast corner of the intersection was built up with a store and other structures. The Polo Road was a preferential highway, entrances to which from Lowell Park Road were controlled by stop signs. The stop sign on the northwest corner required southbound traffic to advance south of the sign in order to have a clear view to the east and west. According to plaintiff's testimony, when the McGann auto reached the intersection, McGann came to a stop a little beyond the stop sign, and after plaintiff looked to her right or the west and reported "clear right," she saw her brother-in-law look left and then pull out onto the Polo Road at a speed of about 5 miles an hour. When the McGann vehicle had proceeded to a point where only its rear wheels were in the westbound lane of the Polo Road, it was struck by the front of a westbound vehicle driven by defendant, Wayne T. Haan, which neither the plaintiff nor evidently her driver had seen. The speed of the Haan car was fixed at 60 to 65 miles per hour by the witnesses. The lights on both cars were on.

The Haan car had four occupants in addition to the driver. Three of the four young men who were passengers testified. One of the young men testified that the McGann car proceeded through the intersection very slowly, while another testified that the McGann vehicle was traveling at the same speed as the Haan vehicle, that is, 60 to 65 miles per hour. One passenger in the Haan auto stated that he did see the McGann car hesitate at or near the stop sign but the other two occupants were unable to say whether it changed speed or stopped. In general, the testimony of the three teen-age occupants of the Haan car is conflicting and, therefore, the testimony of the plaintiff, the only other

90

occurrence witness, assumes considerable importance. Plaintiff testified at considerable length, but the substance of her testimony was that her host stopped south of the stop sign, that plaintiff looked to the right and advised "clear right," that she saw Mr. McGann look to his left, that he proceeded into the intersection at around 5 miles an hour whereupon the McGann car was struck by another vehicle, and that plaintiff did not see the Haan auto or any headlights prior to the collision.

Count I of plaintiff's Amended Complaint alleged four acts of willful and wanton misconduct upon the part of defendant administrator's intestate, Mr. McGann: (a) failure to stop before entering a preferential highway, (b) failure to keep a proper lookout for traffic, (c) entering a preferential highway before first ascertaining whether it was safe to do so, (d) failure to yield the right of way to the Haan vehicle when he knew or should have known that such failure would result in a collision.

Upon cross-examination of plaintiff by counsel for defendants Haan, the following testimony was elicited:

"Q. Now, you have sued Haans and, I believe Mr. Gunner [counsel for the defendant administrator Foulds] referred to this in this case today, Neil M. Foulds, as administrator of the Estate of Patrick L. McGann, deceased, is that correct?
"A. That is correct.
"Q. Along with my two clients; and you did file a Complaint, that is correct, is it not?
"A. That is correct.
"Q. And you did allege in your Complaint against Patrick L. McGann, in other words, your allegations against Patrick L. McGann, who was the driver of the car in which you were riding, in paragraph 7, subparagraph a, that Patrick L. Mc-

91

■■■■■■

Gann failed to stop his said automobile at the entrance to Polo-Oregon Blacktop Road before entering the aforesaid intersection, contrary to Section 183, Chapter 95½ of Illinois Revised Statutes, 1955; is that correct?

"A. No, he stopped his car.

"Q. All I am asking if you sued Mr. Foulds, as administrator of the estate of the driver of the car in which you were riding, and charged him with the facts and charges in the way of failing to stop before driving out onto the Polo-Oregon Blacktop, Pines road; is that a fact, Mrs. McCormack?

"A. Well, we stopped.

"Q. All I am asking you, did you make such a charge against Mr. McGann, the driver of the car in which you were riding, in your suit filed in this court, which you are asking this jury to pass on?

"A. No.

". . .

"Q. Prior to this suit being filed, you consulted with your attorneys as to the facts of the accident, that is correct, is it not?

"A. That is correct.

"Q. Now, I hand you what has been referred to as a second Amended Complaint in cause No. 5260, wherein you are plaintiff, Ruth McCormack, filed against Wayne T. Haan, Neil M. Foulds as administrator of the estate of Patrick McGann, deceased, and Thomas Haan, and ask you if that is the Complaint that has been filed in your behalf in this court, wherein you are seeking an award from this jury? I am referring to the second page of the second Amended Complaint, paragraph 7, subparagraph a through f, inclusive.

92

Counsel for plaintiff: "g and f are stricken.

"Q. All right, a through d, and ask if those are charges made by you, in your Complaint against the administrator of the driver of the car in which you were riding.

". . .

Counsel for defendants Haan: "I gave her the opportunity to read it—I will go on to the next charge.

Counsel for plaintiff: "It is in the alternative—that is not the only charge.

Counsel for defendants Haan: "I was going to go right through the whole thing.

"Is that correct, is that the Complaint that was filed in your behalf?

"A. He still stopped his car.

". . .

"Q. You knew there was a suit filed?

"A. I knew there was a suit filed.

"Q. Against Mr. Foulds, as administrator of the estate of Patrick L. McGann—there is no question about that?

"A. No.

"Q. And there isn't any question in your mind about the charges made, and I refer you to paragraph 7, subparagraph a; I wish to call your attention to subparagraph b—failed to keep a proper . . .

Counsel for plaintiff (Interposing): "I object unless you read what goes ahead of it in paragraph 7.

"Q. O.K. Strike that part of the question. I am now reading paragraph 7 of Count I of the Complaint, filed against Neil M. Foulds, as administrator of the estate of Patrick L. McGann, deceased—I am now quoting from paragraph 7.

" 'That said Patrick L. McGann was then and there guilty of one or more of the following willful and wanton acts and omissions, committed or omitted

93

with conscious indifference to existing circumstances and conditions:

"'a. Failed to stop his said automobile at the entrance to Polo-Oregon Blacktop Road before entering the aforesaid intersection, contrary to Section 183, Chapter 95½ of Illinois Revised Statutes, 1955.

"'b. Failed to keep a proper or any lookout for traffic approaching from the left when he knew or should have known that such failure would endanger the life or limb of plaintiff and of other persons using said highways.

"'c. Drove said automobile onto said Polo-Oregon Blacktop Road without first ascertaining whether it was safe to do so.

"'d. Failed to yield the right of way to the automobile being driven by defendant, Wayne T. Haan, when he knew or should have known that such failure would naturally or probably result in a collision.'

"Are those the charges that you made in this Complaint against the administrator of the car in which you were riding?

"A. No."

The defendant administrator has urged upon this court several grounds for reversing the judgment against him. In the view we take of the case it is necessary to consider only one of the grounds advanced. The defendant administrator has urged that plaintiff's testimony set forth above, as it appears in the record, constituted judicial admissions which would deprive her of the benefit of other evidence to the contrary and which would defeat her recovery. Counsel for the defendant administrator contends that plaintiff's statements were deliberate, clear and unequivocal assertions by the person best able to know to the effect that McGann was not guilty of failure to

94

stop or to maintain a proper lookout or otherwise to do those improper acts with which he is charged in the plaintiff's Complaint. Counsel also points out that the attorneys for plaintiff made no attempt to withdraw, explain or modify plaintiff's admissions. Defendant administrator relies upon the recent decision in Huber v. Black & White Cab Co., 18 Ill.App.2d 186. Plaintiff's counsel argues that the Huber case was concerned with a plaintiff's testimony concerning the facts of that case such as speed, care, etc., while Mrs. McCormack's statements upon cross-examination dealt with the pleadings which are technical legal matters not within her peculiar knowledge. Counsel for plaintiff states that plaintiff is a relatively uneducated woman who for the past 28 years earned her living doing general housework and that it would be unrealistic and improper to expect that she could know the meaning of the term "willful and wanton."

After a very careful study of the entire evidence and the authorities it is our conclusion that the defendant administrator's contention is sound and fully supported by decisions in Illinois as well as the majority of jurisdictions. If a party testifies deliberately to a concrete fact within his peculiar knowledge, not a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, recent Illinois decisions hold that his adversary is entitled to hold him to it as an informal judicial admission. The court may permit him to withdraw upon reasonable explanation of it as due to a mistake, or may allow him to have the benefit of other evidence explaining it as a mistake. However, in the absence of withdrawal, modification or explanation, such a party cannot have the benefit of other evidence tending to falsify it. Huber v. Black & White Cab Co., 18 Ill.App.2d 186; Tennes v. Tennes, 320 Ill. App. 19; annotation, 169 A. L. R. 798; Wigmore

on Evidence (3rd ed.) Sec. 2594a. Thus, in the Huber case the plaintiff, after charging defendant with willful and wanton misconduct in failure to maintain a proper lookout and driving at too great a speed, admitted on cross-examination that the defendant host-driver "drove his car all right," that he "had no occasion to make any complaint about the way he drove," that he "was driving his car carefully" and "safely," having approached the intersection at 25 to 30 miles an hour and slowed down before reaching the intersection. The Appellate Court, Fourth District, reversed a judgment for the plaintiff against the defendant host-driver after finding these statements of plaintiff made in open court constituted judicial admissions. In Tennes v. Tennes, 320 Ill. App. 19, suit was brought by an automobile passenger against the host-driver for injuries sustained in a collision when the host-driver allegedly fell asleep. Called by plaintiff under Section 60 of the Practice Act [Ill Rev Stats 1957, c 110, § 60], defendant testified that "the only thing I vividly remember at that point is I evidently dozed for a minute. The next thing I remember was Mrs. Tennes saying, 'Joe, Joe'." After noting that counsel for both parties by their conduct in the trial considered defendant's testimony as a positive statement that he went to sleep, the Appellate Court, First District, held that this constituted a binding judicial admission which entitled plaintiff to a directed verdict against the host-driver.

In the present case, a careful review of plaintiff's testimony indicates that she is a woman of intelligence, articulate, candid and alert. Unquestionably, as the sole survivor among the occupants of the McGann car, Mrs. McCormack sitting in the front seat of the vehicle was in the best position to know whether Mr. McGann was guilty of any improper driving. In her testimony, both on direct examination and cross-examination,

96

plaintiff repeatedly exonerated Mr. McGann of any liability for failure to stop properly in observance of the stop sign. On the question of lookout, which is actually the only other issue in this part of the case, the testimony quoted verbatim above and elsewhere make it abundantly clear that plaintiff saw Mr. McGann exercise his duty in the matter of lookout and that she was not charging him with failure to do so.

■ To consider plaintiff's quoted testimony as constituting judicial admissions is not to expect a layman to comprehend the meaning of pleadings or technical legal terms, as counsel for plaintiff suggests. Plaintiff was painstakingly shown and read the charges contained in Count I of her Amended Complaint and then asked if, after discussing the case with her attorneys, these were the charges she was making against the defendant administrator. Mrs. McCormack made it clear not only here but elsewhere in her testimony that she was not so charging her host-driver. Moreover, plaintiff and her counsel did not seek to avoid the effect of her testimony by explanation or otherwise. We agree with Professor Wigmore that the doctrine of judicial admissions in this kind of case requires the most thoughtful study for its sound application lest injustice be done on the strength of a chance statement made by a nervous unreflecting party, Wigmore on Evidence (3rd ed.), Section 2594a. A leading case on the subject suggests this test for applying the doctrine: "If a party's mental faculties are undeveloped or impaired, if his comprehension of his testimony is doubtful, if it relates to objective matters about which he may be mistaken, and he is contradicted by other witnesses, or if his statements are inconclusive, the effect of his testimony may be for the jury. But when a man of mature years and unimpaired mentality testifies understandingly and definitely to facts peculiarly within his knowledge, any rational conception

97

of justice demands that he be judged by what he says."
Harlow v. Laclair, 82 N. H. 506, 136 Atl. 128. In view
of the decisions of the Appellate Courts of this State
and upon the record here, it is our conclusion that
the testimony of plaintiff constituted binding judicial
admissions which made it the duty of the trial court
to direct a verdict in favor of the defendant adminis-
trator. It was error for the trail court to deny de-
fendant administrator's motion for a directed verdict
at the close of all the evidence and his motion for
judgment notwithstanding the verdict. No good pur-
pose would be served by remanding the case for a
new trial on Count I of plaintiff's Amended Complaint,
(Huber v. Black & White Cab Co., 18 Ill.App.2d 186;
Tennes v. Tennes, 320 Ill. App. 19). Plaintiff's judg-
ment against the defendant administrator must be re-
versed.

Plaintiff has prosecuted a cross-appeal from the
judgment below finding the defendants Wayne T.
Haan and Thomas Haan not guilty and from the order
of the trial court denying plaintiff's post trial motion.
Counsel for plaintiff contends that the trial court erred
in (1) giving two improper instructions tendered by
defendants Haan and (2) failing to find that the ver-
dict of the jury finding defendants Haan not guilty
was not supported by the evidence and contrary to the
weight of the evidence.

 It is fundamental that error in the matter of
instructions or the weight of the evidence can be con-
sidered on appeal only where the asserted errors are
properly presented to the trial court in a post trial mo-
tion and there ruled upon by the trial court, Sec. 68.1
of the Civil Practice Act (S. H. A., Ch. 110, § 68.1),
Dodds v. Chicago Transit Authority, 9 Ill.App.2d 388;
Morrow v. Morrow, 15 Ill.App.2d 109. Court rule re-
quires also that all errors relied upon must appear in
the abstract of record, Appellate Court Rule 6 (S. H.

98

A., Ch. 110, Sec. 201.6). It follows that an appellant's post trial motion must appear in the abstract of record so that the reviewing tribunal can determine whether the errors alleged were properly presented in a post trial motion and ruled upon by the trial court. Richman Chemical Co., v. Lowenthal, 16 Ill.App.2d 568, 571; Arnold v. Rebhan, 266 Ill. App. 554, 556. We have examined the abstract of record, which was filed by defendant-appellant Foulds, the administrator, in an attempt to find plaintiff's post trial motion but it is not there. Plaintiff did not file an additional abstract or seek leave of this court to dispense with the abstracting of any matters to be considered on this appeal, pursuant to Appellate Court Rule 6. The abstract is the pleading of the party in a court of review, and whatever is sought to be reviewed must be contained therein, Richman Chemical Co. v. Lowenthal, 16 Ill. App.2d 568, 571; Arnold v. Rebhan, 266 Ill. App. 554, 556. Her post trial motion not appearing in any abstract of record, plaintiff is in no position to urge any errors upon her cross-appeal.

Because of the views expressed, the judgment of the trial court in favor of the defendants, Wayne T. Haan and Thomas Haan, is hereby affirmed, and the judgment in favor of the plaintiff, Ruth McCormack, and against the defendant, Neil M. Foulds as Administrator of the Estate of Patrick L. McGann, deceased, is reversed.

Affirmed in part, and reversed in part.

CROW and WRIGHT, JJ., concur.