Thomas F. Higgins, Jr., Plaintiff-Appellant, v. The
Atchison, Topeka and Santa Fe Railway Company,
and Albert E. Johnston, Jr., Defendants-Appellees.

Gen. No. 64–38.

Third District.

March 26, 1965.

Thomas R. Flood, of Streator, for appellant.

Byron E. Hayes, of Streator, John David Zwanzig, of Ottawa, and Floyd Stuppi & Robert R. Bateson, of Chicago, for appellees.

ALLOY, P. J.

This cause is before us on appeal from a ruling of the Circuit Court of LaSalle County granting a motion for judgment notwithstanding the verdict as to one

defendant in the cause and refusing to set aside the verdict as to the other defendant. The action originated as a personal injury action by an automobile passenger, Thomas F. Higgins, Jr., as (1) against the driver of the automobile in which he was riding, Albert E. Johnston, Jr., charging him with willful and wanton misconduct and also (2) against The Atchison, Topeka and Santa Fe Railway Company as defendant alleging its negligence as the cause of the collision between the automobile and a train of the defendant railroad. Defendant Johnston had also filed a cross-complaint as against the railroad for property damage to the automobile.

At the close of the case presented by the cross-complainant Johnston against the railroad, the trial court directed a verdict in favor of the railroad on such cross-complaint. The causes of action alleged by plaintiff against the individual defendant who was the driver of the car and the railroad were submitted to the jury which returned a verdict in favor of plaintiff as against the driver of the car Johnston in the sum of $7,500 and also returned a verdict of "not guilty" in favor of the defendant railroad. As indicated previously, the post trial motion of defendant Johnston for judgment notwithstanding the verdict was allowed and the post trial motion of the plaintiff for a new trial as to defendant railroad was denied.

While there was some conflict in the testimony we note that the substantial evidence disclosed that the plaintiff, 18 years of age, and defendant, 20 years of age, were two Marines home on leave in Streator, Illinois. Both were familiar with the railroad crossing. They met at a tavern in Streator at 3:30 p. m. on New Year's Eve in 1959, drank beer and took a fifth of whiskey out with them. Defendant was driving his father's car and was accompanied by the plaintiff as a

passenger while they visited and drank at local taverns and private parties for the next eight hours and twenty minutes. During the course of the evening plaintiff's mother had interceded at one of the parties and suggested that plaintiff drive the car. Plaintiff prior to that time had expressed doubts about defendant's ability to drive due to the amount of liquor consumed by defendant, and plaintiff actually drove the automobile to a tavern where they both drank and to a private party where defendant drank and thereafter to a private home. Defendant then took over the wheel.

Plaintiff did not object or complain about defendant's driving or make any protest prior to the accident although defendant was admittedly in the same condition as earlier. Defendant Johnston then drove about ten blocks and both plaintiff and defendant Johnston, as shown by the record, neglected to observe or hear several warning signals and approached the railroad intersection at a sustained rate of 60 to 70 miles per hour in a 35 mile per hour residential section and drove through a gate and into a diesel engine of the railroad. They did not look to the right at the intersection or on the approach to the tracks but only when they were a few feet from the gate they both reacted too late. Plaintiff specifically stated that defendant Johnston was driving between 20 and 25 miles per hour; that plaintiff did not think he was in any danger, and that defendant was driving safely.

The trial court in determining the post trial motion of defendant Johnston for judgment notwithstanding the verdict observed that plaintiff testified to a concrete fact within his peculiar knowledge and that under the circumstances his adversary, the driver Johnston, was entitled to hold him to his admission. The court indicated that while the plaintiff would be permitted to

257

withdraw or modify the same upon a reasonable explanation of it, as due to a mistake, or the court could under proper circumstances allow him to have the benefit of other evidence explaining it as a mistake. In absence of such modification or explanation, however, the court stated, plaintiff should not have the benefit of other evidence tending to falsify his direct testimony under the precedent of McCormack v. Haan, 23 Ill App2d 87, 161 NE2d 599. The trial court also pointed out that plaintiff failed to discharge the burden of proving that he was himself free from any acts of contributory willful and wanton misconduct since it became obvious from the evidence that plaintiff was guilty of every single act of wrongdoing of which defendant himself was guilty. The court pointed out that a passenger, where he has an opportunity to learn of danger, under proper circumstances, should warn the driver of such approaching danger. The court thereupon concluded that as a matter of law plaintiff had shown himself to be guilty of contributory willful and wanton misconduct, and allowed defendant Johnston's post trial motion for judgment notwithstanding the verdict and set aside the verdict of the jury hereinabove referred to in favor of plaintiff as against defendant Johnston.

On appeal in this court it is contended by plaintiff Higgins that the verdict of the jury and the original judgment against defendant Johnston thereon must stand inasmuch as the evidence presented issues of fact which were within the province of the jury only to decide and that the trial court erred in concluding that the testimony of plaintiff amounted either to a judicial admission or that plaintiff was guilty of contributory willful and wanton misconduct as a matter of law. Complaint is made by plaintiff of the ruling of

the trial judge in directing a verdict in favor of the railroad on the cross-complaint of Johnston on the theory also that the jury could have been misled into believing that all of the evidence contrary to that of the railroad crew must be disbelieved.

 It is obvious from a review of the record that there was no basis in the facts proven, the instructions, or the conduct of the trial to justify a reversal of the verdict in favor of defendant Santa Fe Railway, and, so far as the record discloses no basis is shown therefor. Whether or not the railroad was guilty of negligence and questions of due care and proximate cause were, under the facts in this case, questions for the jury to determine (Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74). The circumstance also that it was a verdict against one of the two defendants with the opposite result as to the remaining defendant is consistent with Illinois law (Pearman v. Morris, 15 Ill App2d 486, 493, 146 NE2d 589). In connection with the cross-complaint of defendant Johnston as against Santa Fe Railway, plaintiff is not in position to assert error since he did not participate in such determination and made no objection to the instruction for directed verdict and asserted no basis for setting such action aside or granting any relief with respect thereto (Saunders v. Schultz, 20 Ill2d 301, 314, 170 NE2d 163).

 The record discloses that cross-complainant Johnston testified that the automobile belonged to his father and that he had not sustained any loss of the use thereof. There was a complete failure of proof of any damage to property owned by him as alleged and the court properly directed the verdict as to the cross-complaint for damage to the automobile. Defendant Johnston was apparently a bailee or permissive user only of the automobile which he was driving and could

not sustain a claim for damage to the automobile under the allegations of the cross-complaint which did not show his status as a bailee (Ebel v. Collins, 47 Ill App2d 327, 332, 198 NE2d 552).

 It is apparent that the trial court did not determine that plaintiff was concluded by his statements under oath respecting the manner of operation of the automobile as applied to the action against the railroad, since the question of defendant railroad's fault and defendant Johnston's fault were submitted to the jury on that issue. The court concluded, however, that there were uncontradicted and unexplained admissions made by plaintiff which related to the question of freedom from contributory negligence which required that the trial court set aside the verdict as against Johnston. It is noted that the principles announced in Huber v. Black & White Cab Co., 18 Ill App2d 186, 151 NE2d 641, are modified so that courts will not absolutely conclude a party involved in such admission if the physical facts, the nature of the judicial expression or the persuasive character of other testimony or evidence requires putting aside plaintiff's admission in order to arrive at the true facts of the occurrence. The trial court, however, noted that the plaintiff cannot profit by his own testimony to the effect that the accident resulted from the fault of the railroad and say that he did not protest and did not exercise a lookout because defendant was only going 20 to 30 miles per hour and the intersection was clear and that the gates were up and defendant was driving safely as specific and concrete facts, and then seek to rely on contradictory evidence of the railroad witnesses as to the high speed at which the automobile was being driven with the gates down and the lights and warning bells in operation. In addition to this fact, there was the clear testimony about plaintiff's doubts as to defendant Johnston's driving ability due to the

260

amount of alcoholic liquor consumed. Certain of these facts testified to were uncontradicted and were susceptible of direct personal knowledge and were what could be described as concrete testimony. Under the facts the court was justified in concluding that the judicial admission rules, which were announced in Huber v. Black & White Cab Co., supra, and in McCormack v. Haan, 23 Ill App2d 87, 161 NE2d 599, and Nowack v. Schrimpf, 44 Ill App2d 309, 194 NE2d 547, would apply.

■ It is true that mere participation in drinking with the driver and being subject to the peril of riding with a driver who is intoxicated is not contributory negligence as a matter of law (Anderson v. Launer, 13 Ill App2d 530, 142 NE2d 838). In the case before us, however, plaintiff Higgins asserted specifically that he had doubts, based upon defendant Johnston's consumption of liquor, about defendant's ability to drive and that he did nothing to observe or hear warnings at a known railroad intersection and made no protest or complaint while Defendant drove. Paraphrasing Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848, while until the guest had reason to suspect the driver was incompetent or careless or was unable safely to operate the vehicle, no duty arose, this was not the situation under the facts before the trial court in the instant case. We are, basically, relying on the fact that the trial court observed the witnesses and heard all of the evidence offered by the three parties and was in position to determine whether, in view of the verdict and the record, the conclusion of the jury as to the vital element of contributory fault on the part of the plaintiff was against the manifest weight of the evidence. Under the facts before us we cannot say that the trial court's limited discretion in determining such issue was improperly exercised.

It is apparent, therefore, that the rulings of the Circuit Court of LaSalle County were proper and should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.