2 Ill. App.3d 944 (1971)
274 N.E.2d 861
ELISA PIZANO et al., Plaintiffs-Appellants,
v.
AURORA TREJO et al., Defendants-Appellees.
No. 70-151.
Illinois Appellate Court  Third District.
November 5, 1971.
*945 Martin Katz, of Rock Island, and Dennis Fox, of Moline, for appellants.
Robert J. Noe, of Moline, and Gerry M. Rinden, of Rock Island, for appellees.
Reversed and remanded.
Mr. JUSTICE DIXON delivered the opinion of the court:
Actions were brought by guest passengers Pizano and Vallejo for personal injuries as a result of a head-on collision involving automobiles driven by Trejo and Walton, on October 11, 1967, on Route 6, approximately 9/10 mile east of Coal Valley, Illinois, at about 11:00 A.M. Plaintiffs alleged injuries proximately caused by wilful and wanton misconduct of their host driver Trejo, and negligence of Walton, driver of the second car involved. The cases were consolidated for trial, along with an action by Trejo against Walton.
At the close of all the evidence the trial court allowed host driver Trejo's motion for a directed verdict, denied Walton's motion for directed verdict and allowed passengers motions for an instruction that neither was guilty of contributory negligence. The jury returned a verdict for Pizano for $976.30, for Vallejo for $1,514.75 (the exact amounts of their out of pocket expenses). The jury also found Walton not guilty as to the action of host driver Trejo. No appeal was taken as to the not guilty finding.
Judgment was entered on the verdicts. Post trial motions were denied and the guest passengers appealed. Walton has cross appealed.
Plaintiffs suggest that the trial court erred in directing a verdict in favor of Trejo and ask for a new trial against her. They further contend that their verdicts against Walton were inadequate as a matter of law and request a new trial on the question of damages only or in the alternative, that the verdicts are a compromise on the issue of liability, and the case be remanded for a new trial against Walton as to all the issues.
*946 Walton cross-appealed contending that the trial court erred in failing to direct a verdict in his favor; that there was error in ruling that neither plaintiff was guilty of contributing negligence; that the verdicts were a compromise and if a new trial is given it should be a new trial generally, that he was denied a fair trial by permitting two attorneys representing the same party to examine him under Section 60 and by restricting his attorney to one closing argument in response to six arguments by various plaintiffs.
The trial judge did not give his reasons in ruling upon the motions for directed verdicts. All parties have cited Pedrick v. Peoria & Eastern R.R. Co. 37 Ill.2d 494. Defendant Trejo also contends that plaintiff's testimony constituted judicial admissions which barred recovery.
An examination of some of the testimony is required:
Plaintiff Elisa Pizano testified that she never saw Mrs. Trejo drive in any erratic manner; that Mrs. Trejo was not going too fast and that she never saw the Walton car prior to impact. She further testified that she was on the right side of the front seat and held Carmen, the 3 year old daughter of the driver on her lap. Before the accident she was entertaining Carmen. She heard Marie Trejo say "Mother" and looked at the highway when the collision happened, she didn't see the other car involved, didn't know what lane Mrs. Trejo was in nor her speed. "I was playing with Carmen and my attention was directed to Carmen, so I had no occasion to notice the speed or length. I wasn't watching the road because I was playing with the baby".
Plaintiff Vallejo testified that she saw the Walton car come up a knoll a block and a half or two away. Mrs. Trejo was going 20-25 miles per hour. Walton's speed was 70-75 miles per hour. Mrs. Trejo was a foot or so over the center line when she first saw the Walton car. He was in his right lane. Her mother moved all the way to the right, then to the left, then going back to the right and the accident happened in the middle of the road. Walton went to his left, then to his right. At the time of the accident the Trejo car was partially in each lane. Walton was moving pretty fast and his car was a little over the center line.
Defendant Samuel Walton testified that he was going 56 miles per hour when he first saw Mrs. Trejo's automobile about three-quarters of a mile away, that he thought she was going 75 miles per hour, that at first he couldn't tell which lane of traffic she was in, that he realized when she was about a half mile away that she was in his lane, that he never did see her turn back to her own lane, that she never seemed to reduce speed, that to avoid her he applied his brakes, slowed his car down to 35-40 miles per hour and started to pull off to the right but the shoulder was muddy and he didn't remember anything after that.
*947 Independent eye witness, Charles Wiedenhoeft, testified he was traveling 45-50 miles per hour when passed by Walton who was then going 10 miles per hour faster and who pulled back into west bound lane in an orderly manner. He saw the Trejo car occupying the wrong lane from a distance of 1000 to 2000 feet ahead of him. The impact occurred in the west bound lane. He saw the east bound car travel about 200 yards in the wrong lane until the time of impact. There was no indication that the Walton car slowed before impact. Right before the collision both cars made a swerving motion. He was a block away when they collided. He did not remember seeing the Trejo car ever get back into its own lane from the time he saw it until the collision.
Trooper Donald Burgess testified that he investigated the accident. The road is 21 feet 11 inches wide. The Trejo car was completely across the west bound lane with the rear extending 2 feet 4 inches off the north shoulder. The Walton car was straddling the center line with 1 feet 2 inches of the car in the east bound lane. The Trejo car left two sets of skid marks 53 feet from the left tire and 32 feet 5 inches from the right tire. It was 17 feet 11 inches from the northernmost skid mark of the Trejo car to the south edge of the highway. (Note: Center line of road is 10' 11 1/2" from south edge. So somewhere within 53 feet of impact the Trejo left tire was 6' 11 1/2" north of center line.) Left front of each car was extensively damaged.
 1 Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of other witnesses and a consideration of their respective opportunities to observe the facts about which they testify. McCormick v. Haan, 20 Ill.2d 75; Hanson v. Darby, 100 Ill. App.2d 339.
 2 Applying the aforesaid rule to the testimony of Pizano and that of Vallejo, we find no binding judicial admissions which made it the duty of the trial court to direct a verdict in favor of the host driver.
 3 When we view all the evidence in its aspect most favorable to plaintiffs we are unable to say that it overwhelmingly favors Trejo so that no contrary verdict based on that evidence could ever stand. (Pedrick test). There is strong evidence here that defendant Trejo drove on a state highway on the wrong side of the road, in the face of clearly visible oncoming traffic for a distance of not less than 200 yards prior to collision. Such conduct in our opinion raised a question of fact for the jury. For the reasons assigned the judgment of the trial court is reversed as to defendant Aurora Trejo and a new trial given plaintiffs.
 4 Turning now to the case against Samuel Walton, we believe the *948 trial court was correct in denying the motion for directed verdict. There was substantial testimony that Walton never slowed down before impact and never took evasive action.
 5, 6 We believe that the trial court was in error in ruling that neither plaintiff was guilty of contributory negligence as a matter of law. One riding in a motor vehicle driven by another has the right to assume that the driver will exercise proper care and caution, until he has notice to the contrary. He is entitled to repose confidence in the driver's operation of the vehicle and to assume that he is alert to other traffic until it becomes apparent to one in the exercise of due care that the driver is inattentive. Acceptance of the driver's manner of operating the vehicle is not ordinarily contributory negligence unless the driver's fault is so obvious as to demand effort on the guest's part to abate the danger. At precisely what point the duty arises to change from passive reliance to active protest is largely a factual question to be properly decided by the jury on the basis of available facts and circumstances. 8 Am.Jur.2d, Automobile and Highway Traffic Sec. 527.
 7 The plaintiffs were front seat passengers with an opportunity to see and to be heard and it is not beyond the range of possibility that plaintiffs could have protested or voiced a warning which would have prevented the accident. We are not saying they should have done so, we do say it is a matter for the jury to decide. For the foregoing reasons we reverse the judgment of the trial court and order a new trial on all issues between plaintiffs and defendant Walton.
Since Aurora Trejo is no longer a party plaintiff and new trials have been ordered it is not necessary to discuss other issues raised.
Reversed and remanded.
ALLOY, P.J., and STOUDER, J., concur.