LINDA MORENO, Indiv. and as Mother and Next Friend of Andrew P. Moreno, Plaintiff-Appellant, v. CHARLES L. MERCIER, Defendant-Appellee.

Third District    No. 3—95—0212

Opinion filed October 10, 1995.

Anthony C. Raccuglia & Associates, of Peru (Louis L. Bertrand, of counsel), for appellant.

Pool, Leigh & Fabricius, of Ottawa (Raymond P. Fabricius, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff-appellant, Andrew P. Moreno (plaintiff), filed a negligence action against defendant-appellee, Charles L. Mercier (defendant), for personal injuries sustained during a single-vehicle accident which occurred while he was riding as a passenger in a vehicle operated by the defendant. The trial court entered judgment on the verdict which found plaintiff 40% comparatively negligent. Plaintiff appeals, contending he was not comparatively negligent because he was under no duty to act as a matter of law. We agree and reverse in part as modified.

The relevant facts are not in dispute. The accident occurred on the evening of July 30, 1990. Plaintiff and defendant, who had been friends for many years, along with several other friends, were riding in a vehicle operated by Robert Hart. Plaintiff was 14 years old and defendant was 15 years old on the date of the accident. Robert Hart was the only member of the group who was of legal driving age and possessed a driver's license.

Robert Hart stopped the vehicle to visit his friend, Adit Shadari, at Mr. Shadari's place of residence. Mr. Hart exited the vehicle alone and proceeded to the front door of the house. Once there, the remaining individuals in the car decided the defendant would operate the vehicle a short distance down the road and then another passenger, Eric Verucchi, would drive the car back. The defendant moved to the driver's seat and commenced upon this short excursion. After driving some distance, defendant lost control of the vehicle, which then entered a ditch and turned over.

Plaintiff sustained serious injury to his knee as a result of this accident and brought suit. The defendant counterclaimed, alleging plaintiff was comparatively negligent for remaining in the vehicle with someone he knew was an inexperienced driver. The trial court granted plaintiff's motion for summary judgment in part finding defendant was negligent as a matter of law but denied that part of the motion contending lack of comparative negligence. The remaining issues, damages and comparative negligence, proceeded to trial.

At trial, the evidence showed plaintiff never objected to defendant's driving the vehicle either before or after defendant took control of the vehicle. Further, plaintiff never demanded to be let out of the vehicle at any time. Plaintiff testified at trial, over objection, he knew defendant did not possess a driver's license. Plaintiff further testified he knew defendant had not taken a driver's education course. It is from these facts that defendant contends plaintiff knew defendant was an inexperienced driver and thus plaintiff had a duty to act for his own safety prior to defendant's taking control of the vehicle. The trial court accepted defendant's contention and denied plaintiff's motion for a directed verdict on the issue of comparative negligence. The trial court then instructed the jury accordingly on comparative negligence, specifically incorporating defendant's theory of plaintiff's alleged duty.

The jury assessed damages in the amount of $53,600. The jury further found plaintiff 40% comparatively negligent and reduced recovery to $32,160. The trial court denied plaintiff's post-trial motion and entered judgment on the verdict. The plaintiff now appeals.

The central issue on appeal is whether plaintiff had a duty to act, namely, take precautionary measures for his own safety, when he knew defendant was an inexperienced driver. Plaintiff argues the duty of a passenger to act only attaches when there is erratic driving on the part of the driver. Defendant responds plaintiff did have a duty to act because he was on notice of a potential risk of harm, namely, defendant's lack of driving experience. The plaintiff raises several other issues but since we decide today plaintiff was under no duty to act, we need not address the remaining issues. Neither party appeals the jury's initial assessment of plaintiff's damages.

Before ruling on the issue of plaintiff's duty, we note defendant argues plaintiff has waived his right to contest the issue of comparative negligence. Defendant contends that by arguing the issue of comparative negligence to this court, plaintiff, in essence, is arguing the propriety of the jury instruction regarding comparative negligence. Defendant specifically argues plaintiff failed to preserve this issue for appeal because he failed to object to his own instruction and, further, he failed to submit an alternate instruction. Plaintiff responds no waiver occurred because the trial court had already denied his motion for a directed verdict on comparative negligence and denied his motion *in limine* regarding admission of testimony pertaining to defendant's lack of a driver's license.

■ At the jury instruction conference, plaintiff submitted the following instruction which was given regarding his own duty: "The defendant claims that the plaintiff was contributorily negligent in the

following respect: A. Remaining in the vehicle when the plaintiff knew or should have known that the defendant was not experienced in the operation of a motor vehicle." Plaintiff admittedly neither objected to this instruction nor proposed an alternate instruction regarding the imposition of his duty on the issue of comparative negligence. We find plaintiff should have submitted, at least for precautionary purposes, an alternate instruction, but his failure to do so does not constitute a waiver of the issue. Plaintiff is not specifically objecting to the jury instruction. Instead, his argument goes directly to the issue of what duty is to be imposed upon a passenger in an automobile. The trial court had previously ruled on the issue and we see no reason for penalizing the plaintiff for following the trial court's instructions.

■ Regarding plaintiff's duty, generally, a passenger in an automobile has a duty to exercise ordinary care for his own safety. (*Hayes v. Allsburg* (1978), 72 Ill. 2d 560, 382 N.E.2d 239.) However, a passenger has the right to assume the driver will exercise proper care and caution until he has notice to the contrary. (*Pizano v. Trejo* (1971), 2 Ill. App. 3d 944, 274 N.E.2d 861.) There does exist, then, a point in time when a duty arises for the passenger to change from passive reliance to active protest for the preservation of his own safety. (See *Pizano v. Trejo*, 2 Ill. App. 3d at 948, 274 N.E.2d at 865.) This duty arises when the passenger has reason to suspect the driver is incompetent, careless or is unable to operate the vehicle safely. (*Higgins v. Atchison, Topeka & Santa Fe Ry. Co.* (1965), 57 Ill. App. 2d 254, 205 N.E.2d 648.) As explained below, such duty can arise in two different factual settings, either before or after the driver takes control of the vehicle.

The first setting is where a visual peril arises during the course of operation of the vehicle. This peril can either arise internally, such as where the driver's own erratic operation of the vehicle places the passenger on notice of a potential risk of harm, or externally, such as where an oncoming vehicle or road hazard poses a danger to the vehicle in which the passenger is riding. (See *Wilson v. Don La-Cost, Inc.* (1974), 20 Ill. App. 3d 624, 314 N.E.2d 27.) In this setting, the passenger, once on notice, is under a duty to warn the driver of the then-existing peril. *Wilson v. Don LaCost, Inc.* (1974), 20 Ill. App. 3d 624, 314 N.E.2d 27.

In the present case, the parties limit their arguments regarding passenger duty to the time period before the defendant gained control of the vehicle. There was no evidence presented which suggests defendant was driving erratically prior to the accident. Further, there was no evidence presented suggesting any external factor known to plaintiff which caused defendant to lose control of the vehicle.

The second factual setting is where, because of some limiting condition, the driver is either incompetent or unable to operate the motor vehicle safely from the outset, such as where the passenger knows of the driver's intoxication and proceeds to drive with him regardless. (See *Rice v. Merchants National Bank* (1991), 213 Ill. App. 3d 790, 572 N.E.2d 439.) If this condition is known to the passenger, a duty arises for him to take reasonable precautionary measures for his own safety. (*Rice v. Merchants National Bank* (1991), 213 Ill. App. 3d 790, 57 N.E.2d 439.) It is to this second factual setting that defendant directs our attention. Defendant urges us to accept the proposition by analogy that if the law will impose a duty to act on a passenger who knows he is about to drive with an intoxicated driver, then the law should also impose a duty to act on the plaintiff who knew of defendant's lack of driving experience. We disagree.

■ There is a fundamental distinction between driving with a known intoxicated driver and driving with a known inexperienced driver. It is within the realm of common knowledge that the consumption of alcohol affects one's ability to operate a motor vehicle safely. There is a direct link between intoxication and passenger safety. However, the same cannot be said for driver inexperience and passenger safety. Simply because someone is an inexperienced driver does not necessarily mean he or she cannot operate a motor vehicle safely. There is no direct correlation.

■ We believe it would be too burdensome to impose a duty on a passenger to take precautionary measures prior to driving with someone who lacks driving experience. We can conceive of numerous situations where passengers are placed with inexperienced drivers for various reasons. One such example is where a parent or driving instructor teaches a youngster how to safely operate a motor vehicle. If the law were to place a duty to act on such passenger prior to driving with an inexperienced driver, then no one could be trained to operate a motor vehicle safely. We believe the proper time to impose a duty to act would be when the passenger is on notice of either erratic driving or an unsafe road condition.

As such, we find the trial court should not have instructed the jury on comparative negligence. If an instruction were necessary, it would be consistent with findings mentioned above. However, no evidence existed which would warrant any instruction on comparative negligence. We believe that from the facts presented, plaintiff's motion for a directed verdict on the issue of comparative negligence should have been granted.

■ Plaintiff contends if we find he was under no duty, then we should grant a new trial on all issues. Plaintiff suggests the admis-

sibility of defendant's lack of a driver's license coupled with defense counsel's repeated remarks during closing argument regarding defendant's lack of a driver's license prejudiced his case sufficiently to warrant a new trial. Defendant responds no new trial is required because the jury assessed damages separately and then subtracted the amount it found was attributable to plaintiff's conduct. Defendant contends if we find no comparative negligence, we should simply disregard the 40% reduction and allow the initial assessment of damages to stand. We agree and, under *Sewell v. Wofford* (1985), 131 Ill. App. 3d 62, 475 N.E.2d 575, modify the judgment to reflect the initial jury assessment of damages in the amount of $53,600. The evidentiary rulings and closing argument comments referred to here by plaintiff relate solely to the issue of comparative negligence, not to the issue of damages. We see no reason to grant a new trial on damages, the only issue which would remain.

Accordingly, we affirm that portion of the judgment of the circuit court of Bureau County which assessed damages in the amount of $53,600. We reverse that portion of the judgment which found plaintiff 40% comparatively negligent and reduced damages to $32,160. We modify the judgment to reflect the initial amount of damages assessed at $53,600.

Affirmed in part as modified; reversed in part.

SLATER and HOLDRIDGE, JJ., concur.